KATE B. PIERCE, Appellee, v. BEKINS VAN & STORAGE COMPANY, Appellant.

**MASTER AND SERVANT:** Workmen's Compensation Act—Review
1 —Findings on Fact Final. Whether the death of decedent employee was caused by his intoxication or was occasioned by his willful misconduct, with intention to injure himself, is a fact question, and the findings thereon by the statute tribunals under the Workmen's Compensation Act are final, and will not be reviewed by the Supreme Court.

**MASTER AND SERVANT:** Workmen's Compensation Act—Construction.
2 struction. The Workmen's Compensation Act is highly remedial, and should have a broad and liberal construction in aid of accomplishing the object of the enactment.

**MASTER AND SERVANT:** Workmen's Compensation Act—Construction.
3 struction. No exception based on the place where the injury occurred is found in the language of the Workmen's Compensation Act, and the Supreme Court cannot supply an exception.

**MASTER AND SERVANT:** Workmen's Compensation Act—Construction—Injuries Outside of State—Beneficial Object of Enactment.
4 struction—Injuries Outside of State—Beneficial Object of Enactment. The Supreme Court is not precluded from holding that

the Workmen's Compensation Act covers injuries sustained in another state because the act does not, in terms, declare that the statute shall have such an effect; and where the language of the statute is broad enough to cover such injuries, and such a construction effects the broad, beneficial object of the enactment, the court may so find.

MASTER AND SERVANT: Workmen's Compensation Act—Construction—Extra-Territorial Effect. A hiring under the Workmen's Compensation Act is an enforcible contract to compensate for injuries sustained and arising out of the employment, whether sustained in this state or outside. Accordingly, *held* that an employee employed in Iowa, but injured in Nebraska, while driving a van in the line of his employment, would be entitled to recover under the provisions of the Iowa Act, Sections 2477-m, 2477-m2, 2477-m6, 2477-m7, 2477-m8, 24777-m11, 2477-m14, 2477-m19, 2477-m21, 2477-m29, 2477-m33, Code Supp., 1913.

MASTER AND SERVANT: Workmen's Compensation Act—Construction—Meetings at Place of Hiring, Where Injury Outside of State. That the meeting of the arbitration committee cannot be held at the place of injury, under the Workmen's Compensation Act, where the employee is injured in another state, and that the award cannot be returned to an Iowa district judge sitting *there*, does not deprive the employee of compensation under the act for injuries suffered in another state; as the act may be said to be reasonably satisfied by holding that the arbitration committee may meet at the place where the hiring was done, and the court may act at the place where the contract was entered into.

*Appeal from Woodbury District Court.*—George Jepson, Judge.

May 6, 1919.

Appeal from an action of the district court effectuating an award against appellant by a board of arbitration, sustained on review by the industrial commissioner.—*Affirmed.*

*Sargent, Strong & Struble,* for appellant.

*George Kephart* and *Cass Brothers,* for appellee.

Salinger, J.—I.   The first contention of the appellant is

that the accident which caused the death awarded for was occasioned by the willful misconduct of the employee, committed with intention to injure himself. The second complaint is that, at the time of the injury, the employee was intoxicated, and that said intoxication was the proximate cause of his injury.

1. MASTER AND SERVANT: Workmen's Compensation Act: review: findings on fact final.

It is to be doubted whether there is any evidence of willful misconduct, or of such conduct with intent to inflict the injury. Be that as it may, it is perfectly clear that whether there was such misconduct, or such misconduct with such intent, is fairly a question of fact, and that, on the evidence, reasonable minds may differ as to whether or not there was such misconduct. The same situation exists as to the claim that there was intoxication which was the proximate cause of the injury. One of the vital purposes of the Compensation Act is to minimize litigation and expensive contests. In aid of this purpose, the decision of the statute tribunals on some things is made final. All findings of fact upon conflicting evidence, or upon evidence from which reasonable men may draw differing conclusions, are within that class. We agree with appellant that our decision at this point should not be controlled by *Fischer v. Priebe & Co.*, 178 Iowa 512, and we have held, in *Griffith v. Cole*, 183 Iowa 415, that the limitations placed by the *Priebe* case on the power of the district court are expressed in a dictum. None the less, the effect of the *Griffith* case is that we cannot review a finding of fact unless the transcript makes it appear, as matter of law, that such finding is not sustained by or is contrary to the evidence, and say in that connection that "the court may not go into a general fact controversy." We therefore hold that we may not interfere with the finding of the statute tribunals that there was no willful misconduct, no intention to inflict the injury, and that there was no intoxication which was the proximate cause of the

injury.  See *Cushman v. Frankfort Gen. Ins. Co.*, 4 Mass. W. C. C. 714; *Miller v. Foreman*, 1 Md. W. C. C. 49; *Hanson v. Commercial Sash & Door Co.*, 1 Ill. W. C. C. 39.

We find nothing that is either held or cited with approval in *Hunter v. Colfax Cons. Coal Co.*, 175 Iowa 245, inconsistent with our pronouncement at this point.

II.   The appellant was in business in Sioux City, Iowa. It there employed one Pierce.  In line with the employment, it directed Pierce to drive a moving van from Sioux City to the town of Homer, in Nebraska, for the purpose of conveying to Sioux City a lot of household goods.  Pierce was injured while so employed, and in Nebraska.  Appellant presents that the Workmen's Compensation Act of the state has no application where the injury occurs outside of the state of Iowa.

It is claimed that, in jurisdictions wherein it has been held that their act has no extra-territorial effect, the statute construed indicates an intent to limit itself to the state not more strongly than does the Iowa act; that provisions in our own statute for which it is claimed they show an intention to give no extra-territorial force, are not found in statutes that have been construed to have extra-territorial force; and that the cases urged by appellee are not applicable, because of the nature of the statute which these cases construe. Each party here contends the authorities relied on by the other are inapplicable, because of differences between our act and the statutes which these authorities construe.   Both agree that the authorities are in decided conflict.   We conclude that resort to the decisions in other jurisdictions would be of very doubtful value in interpreting the Iowa Act, and we shall refrain from so resorting.   It is fortunate that there is no disagreement on the proposition that the state *can* give a compensation act extra-territorial effect.   The ultimate question, then, is this:   On application of approved canons of construction, should it be found that there was an inten-

tion to limit the effect of the act to the state, or found that it was the intention that it shall be applicable where the contract of hiring is made in the state, and the employee is injured while in the course and because of his employment, no matter where the injury occurs?

The statute is highly remedial, and is to be construed as such statutes are. Howsoever the cases may differ, there is no difference as to the rule that such statutes as this shall have a broad and liberal construction in aid of accomplishing the object of the enactment. See *Kennerson v. Thames Towboat Co.*, 89 Conn. 367 (94 Atl. 372). The title to the act indicates the breadth and scope of the act. It has a declaration that it relates to the liability of the employer for personal injuries sustained "in line of duty." That it was not intended to limit recovery under the act to injuries sustained while the employee was in the state, is to be found by an application of the reasoning upon which the rule *designatio unius est exclusio alterius* rests.

2. MASTER AND SERVANT: Workmen's Compensation Act: construction.

3. MASTER AND SERVANT: Workmen's Compensation Act: construction.

Section 2477-m, Subdivision d, Code Supplement, 1913, provides that every employer shall be conclusively presumed to have provided compensation according to the act "for injuries sustained arising out of and in the course of the employment." Section 2477-m2 (a) is to like effect; Section 2477-m, Code Supplement, 1913, that, unless the Act otherwise provides, the employer has elected to pay compensation according to the Act "for any and all personal injuries * * * arising out of and in the course of the employment." Where stated things are enumerated, things not named are excluded. On the same reasoning, where a statute declares that compensation under its terms is to be made for any and all injuries sustained, without limitation beyond that they shall occur in the course of and arise out

of the employment, it is the declared intention that compensation shall be made under the statute if the injury be of the class named in the statute—the only limitation is the relation of the injury to the duty. No exception based on the place where the injury occurs is found in the language, and if it is to be engrafted upon that language, it must be done by judicial legislation. It is no answer to say that it would have been wiser to have made the place of the injury a condition to recovery under the act. Had the legislature thought that desirable, it would have been easy to add to the words allowing a recovery for any and all injuries, some such words as "except where the injury is sustained elsewhere than in the state." No matter how wise and beneficial such an addition may be assumed to be, the legislature saw fit not to make it. We have not the power to rewrite the statute to supply what, for the sake of the argument, should have been enacted, but was not.

So far, we have assumed that such an exception as the act does not contain would be beneficial. Whether it would be that, is quite debatable. For one thing, it would make impossible the accomplishment of the one purpose of such acts: to wit, to bring about speedy payment, by procedure at once simple and inexpensive. It would further tend to nullify another thing intended: to wit, that the employer shall be enabled to charge to the industry what injury to the employee engaged therein will cost. As to the first, compelling the employee to bring a common-law suit, and to apply to its decision the statutes of another state, is certainly not calculated to promote speedy payment by procedure simple and inexpensive. As to the second, the employer could fix no tax upon his business to meet expenditures for compensation, because he would not pay statute compensation where the injury occurred outside of the state,

4. MASTER AND SERVANT: Workmen's Compensation Act: construction: injuries outside of state: beneficial object of enactment.

and could not foretell what proportion of injuries to be compensated for would arise outside of the state. This, however, does not so much matter. Once grant the power to make the statute apply to injury sustained outside of the state, and that this has been done, and it becomes immaterial whether it would be injurious or beneficial to have limited the statute to the state.

It is provided in Subdivision e, Section 2477-m16, that:

"The words 'personal injury arising out of and in the course of such employment' shall include injuries to employees whose services are being performed on, in or about the premises which are occupied, used or controlled by the employer, and also injuries to those who are engaged elsewhere in places where their employer's business requires their presence and subjects them to dangers incident to the business."

Appellant tells us that the only way every section of the statute may be given full force and effect is by adding, to a provision dealing with services performed about the premises of the employer and "elsewhere in places where their employer's business requires their performance," the limiting words, "within the state." We shall presently attempt to show that, for the purposes of the present controversy, it is not essential that every provision of the act shall have effect. Be that as it may, we have found no argument that satisfies us that we have the right to add such a limitation.

Appellant cites cases which proceed on the reasoning that the courts may not construe such an act as this to have extra-territorial operation, unless authority for such construction is found in the act in "unequivocable language, or plain and unmistakable words." The case of *Kennerson v. Thames Towboat Co.*, 89 Conn. 367 (94 Atl. 372), is at least one respectable authority that holds to the contrary. We do not refer to it as a standard for construing the Iowa act,

but for its holding upon a broad, general principle of statute construction, and we agree with the rule of that case as to such construction. We concur in the holding of the *Kennerson* case that only as to cases *in delicto* is it required that the statute shall say, in unmistakable words, that it is intended to operate extra-territorially. We hold that we are not precluded from finding that our own statute covers injuries sustained in another state because the act does not, in terms, declare that the statute shall have such effect, and that we may find it has such effect, because its language is broad enough to cover such injuries, and that to construe it as covering them effects the broad, beneficial object of the enactment.

III.  It was said in *Gooding v. Ott*, 77 W. Va. 487 (87 S. E. 862), in approval of the text in 1 Bradbury on Workmen's Compensation (2d Ed.) 44 *et seq.*, that, when a compensation act is elective, a hiring amounts to a contract of employment into which the statute is to be read. Appellant seeks to distinguish this decision because, under the West Virginia statute, both parties contribute to the fund, and because practically every provision of our own statute claimed to indicate a purpose to limit the effect of the act to the state is not found in the West Virginia statute. Be that as it may, this does not make a distinction against the proposition that the contract of hiring under an elective compensation statute is, in effect, a contract of employment into which such statute is to be read. Appellant concedes that, whatever name may be given to the effect and purpose of such statutes, that the law of the place where a contract is made enters into and is part of the contract. It adds that "it is not a question of what the legislature can do in such a case, but what it has done;" that the question remains whether the legislature intended to restrict the statute to within the lines of the state, or to give

5. MASTER AND SERVANT: Workmen's Compensation Act: construction: extra-territorial effect.

it an extra-territorial effect. In so far as this indicates an argument that, though the parties have entered into a contract of hiring into which the statute is to be read, it remains a controlling question whether the statute itself is intended to have extra-territorial effect, we think some confusion of thought is involved. In other words, it can be conceded that, *as a law,* the compensation statute is not to be effective in other states. But such concession will not meet the position that, even if the statute is not law in another state, yet, with the statute read into the contract, there is an enforcible contract to be paid according to the statute, though the injury be suffered outside of the state. And it will be found that, in cases wherein it is affirmed that there can be no recovery because the statute has no extra-territorial effect, the distinction was overlooked that a statute which is a law only within the state may be so read into a contract of hiring as that compensation according to the terms of the statute may be recovered though the injury was sustained in a jurisdiction in which said statute was not effective as a law. In other cases, denying recovery on the ground that the act had no force beyond the limits of the state, there was no contract between employer and employee. With the possible exception of contracts wherein it is intended that the same shall be performed wholly without the state, the courts will apply the domestic compensation law where the contract of employment was entered into within the state, on the theory that the obligation sought to be enforced is based on contract, and not on tort. See Corpus Juris, Title Workmen's Compensation Acts, Div. IV, Conflict of Laws, Section 28.

. 3-a

Upon what does the right to recover in this case rest?

Subdivision d of Section 2477-m, Code Supplement, 1913, provides that the employer shall be conclusively presumed to have elected to pay compensation according to the provi-

sions of the act, unless he give a specified notice in writing to the contrary. Section 2477-m is to the same effect; Section 2477-m2 (a), that all employees affected by the act shall be conclusively presumed, in the absence of notice to the contrary, to have elected to take compensation in accordance with the act. These satisfy us that the contract of hiring at bar is an enforcible contract, and, by means of reading the statute into it, is a contract to compensate for injuries sustained in and arising out of the employment, no matter where such injury is sustained. Whether the statute itself has or does not have an extra-territorial effect, the legislature can enact that a contract of hiring made within the state shall have an extra-territorial effect, in the sense that payment is due according to the terms of the contract, though the injuries be suffered in another state.

Our statute is confessedly elective. We are told that no distinction in construction is to be based upon whether the act is compulsory or elective. That is true as to some provisions of Compensation Acts. But that the statute is elective has controlling bearing on one thing that is most highly important. Where the statute is elective as to both employer and employee, payment of compensation is not the performance of a statute duty, but the performance of conditions in the contract of hiring, which conditions are in the contract by means of reading the compensation statute into the contract. We agree with appellant that the state "can limit the operation of a contractual obligation just as authoritatively as it can a compulsory statute." But that, of course, is not a denial that, under an elective statute, payment of compensation is purely a discharge of a contract obligation. It follows, then, that it is quite unnecessary to make this case turn upon a holding that the statute itself is operative in Nebraska. It suffices if employer and employee contracted in Iowa that, if injury was sustained in Nebraska, compensation should be governed by the terms and

conditions found in the Iowa statute, to which, by law, such contract makes reference. It is not the question whether the Iowa act operates in another state. Parties in Iowa may contract that, if one be injured in Nebraska in course of the employment, that the method of settlement for the injury shall be a described part of the statute law of New Jersey; and, if such an injury does occur in Nebraska, settlement can be enforced in Iowa on the terms of the New Jersey statute, without a thought that the statute law of New Jersey is the law of Nebraska. We know of no reason why parties may not, by contract, fix standards of settlement to be any definitely contracted-for method, unless there be some statutory or constitutional objection to such an agreement. The entire structure of the Iowa act not only fails to prohibit such a contract, but, by being elective, creates a contractual relation under a contract providing for settlement on a standard fixed by the Iowa act. Such a contract is no more objectionable than one providing for a common-law arbitration. See *Hunter v. Colfax Cons. Coal Co.*, 175 Iowa 245. Under such a contract, the employee could not refuse to obey, if the master directed him to leave the state to perform an act in the course of the employment. If he did obey, there is no reason why the master should be allowed to repudiate that part of the contract of employment which provided how compensation should be made if the servant suffered an injury while obeying this direction. Such a contract protects both, and defines the rights of both. The master is assured of the limitations of his liability. The servant is assured of definitely fixed compensation, mutually agreed upon as adequate, and that he will receive the same promptly, and without the vexation or expense of litigation.

We hold that the employee in this case has a valid contract, which allows him to recover compensation according to the terms of the statute for an injury suffered in Nebraska; that the case stands precisely as if it had been ex-

pressly contracted that, for an injury suffered outside of the state, the compensation due should be determined by the terms of the Iowa statute.

IV.   What are the avoidances?

Subdivision b of Section 2477-m makes the act compulsory on both employer and employee, where the employer is a municipal corporation.   It is suggested that, if we give our statute such effect as the employee here claims for it, the said provision of the statute would, in a sense, work class legislation, in that a large mass of employers and employees are relegated to the provisions of a compulsory statute, while as to another large class, the statute is merely elective.   We are unable to see that this bears relevantly upon whether there may be a recovery for injuries suffered elsewhere than in the state.   Be that as it may, if this is a good objection, its effect does not stop with destroying the enforcibility of the statute as to injuries sustained in another state, but destroys the act *in toto*.   If it be objectionable class legislation, it is as ineffectual where an injury is suffered in Iowa as if suffered in another state.

So of the argument that Section 2477-m21 indicates an intent to limit the operation of the act to the state.   In effect, this provision makes the act inapplicable where, under certain conditions, the employment is in interstate commerce.   Passing the question whether sending an employee from the business place of the employer in Sioux City across the state line to haul back a load of furniture in a moving van may be said to be an employment in interstate commerce, it remains true that one hired in Iowa to do work in Iowa may, while performing it, be engaged in interstate commerce.   Therefore, this particular statute has no relevant bearing on whether the legislature intended to give the statute operation beyond the state line, and, so far as available, is just as available for some injuries sustained in Iowa as for those suffered in another state.   It may properly be added

that nowhere in error point or brief point is there any claim that the Compensation Act is invalid either because it is class legislation or enters the field of regulating interstate commerce. The complaint is not that the statute is void, but that, while valid, it was not intended that it should be applied in a case like the one at bar.

Section 2477-m8 provides that failure to give notice within stated times provided shall work a bar to recovery; Section 2477-m11, that, on request, the employee must submit himself to medical examination, within a reasonable time. It is argued that these provisions indicate an intent to limit the scope of the statute to the state, because, if the injury were suffered at a great distance from the place of hiring in Iowa, the employee might be prevented from giving notice within the time required, and might be subjected to great hardship to submit to an examination at the place selected by the employer. If this argument is persuasive, it would be equally so as to many injuries that might be sustained within the state. In one set of circumstances, 90 days is allowed wherein to give notice. It is inconceivable, in the present state of facilities for communication, that distance from the residence of the employer would make it impossible to give him notice within 90 days. Be that as it may, it can well be conceived that it would be as, or more, difficult to give notice within the prescribed time of an injury suffered within the state as of one sustained beyond its boundaries. Certainly, an employer living in Sioux City may be notified of an injury sustained by his employee in Jefferson, South Dakota, as quickly as if the injury had been suffered in Keokuk. Certainly, where, in Texas, the employer resides in the northwest corner of the state, and the injury is suffered in the southeast corner, there might well be as much delay in getting notice to the employer as if the injury occurred four or five miles from where the employer resides, but just across the state line of Texas.

What we have said as to the relative inconvenience in conveying notice of injury applies equally to the right of the employer to require the employee to submit himself to a medical examination. It might well be easier for the employee to travel from a point in Nebraska to some point in Iowa for medical examination than, if injured in Keokuk, to go to Sioux City. It is not amiss to add that the difficulty suggested as to the possible inconvenience in submitting to such examination does not enter into the question at all, where both the place where the injury occurred and the death therefrom occurred in another state. The deceased employee cannot be required to submit himself to medical examination anywhere. We are of opinion that these two statute provisions do not overcome the evidence already adverted to that tends to prove the legislature intended that being injured outside of the state should not nullify a contract for compensation according to the statutes of the state.

### 4-a

Section 2477-m6 provides, in effect, that, under certain conditions, there may be subrogation to the rights of the employee to recover for injury. It seems to be the thought of appellant that the existence of this provision is an argument why the statute cannot have extra-territorial effect. We have already pointed out that, strictly speaking, the question is not whether the statute has or does not have such effect. We are unable to see how the existence of such a provision for subrogation furnishes any reason why an employee who sustains an injury in another state may not have compensation adjusted according to the terms of the Iowa statute.

### 4-b

Section 2477-m7 provides that no contract rule, regulation, or device whatsoever shall operate to relieve the employer, in whole or in part, from any liability created by this act, except as the act provides. It seems to be the argument

at this point that, if an injury suffered in Nebraska may be compensated for according to the terms and conditions of the Iowa statute, it leaves no room for the application of this precautionary statute; that, where the employer has rejected the act, and where there is, therefore, no contractual relation in regard to paying, the employer could defend with some such contract rule, regulation, or device. Of course, the answer is, as said, that the parties here do sustain a contractual relation; that the statute must be read into the contract; and that, therefore, the employer would not be permitted to defend with any contract rule, regulation, or device tending to relieve the employer from liabilities created by the act. We are unable to agree that this precautionary protection of the employee against undermining the statute has any tendency to prove a legislative intention that, despite contract to pay for all injuries according to the terms of the Compensation Act, compensation according to that act cannot be demanded.

V. Section 2477-m2 (b) creates a limitation upon the defenses of the employer where he fails to furnish or maintain any safety device required by statute or rule, or violates any of the statutory provision or rules and regulations now or hereafter in force, relating to the safety of employees. And 2477-m19 empowers the Iowa industrial commissioner, in co-operation with the employer, to fix standards of safety for safety appliances or for places of employment. It is argued the statute does not require that the employer shall, in Nebraska, maintain safety devices required by Iowa statutes or rules, and that the commissioner has no power to fix what shall be standards of safety for safety appliances or for places of employment in Nebraska. Section 2477-m29

6. Master and Servant: Workmen's Compensation Act: construction: meetings at place of hiring, where injury outside of state.

provides, in effect, that the committee on arbitration shall hold its hearings in the city, town, or place where the injury occurred. Section 2477-m33 provides for presenting a certified copy of the decision by arbitration committee or commissioner to the district court of the county in which the injury occurred, and that, thereupon, said court shall render decree in accordance therewith. Section 2477-m14 authorizes a district judge, in certain conditions, to make an order commuting future payments to a lump sum. It is argued that, where the injury occurs in another state, the arbitration committee created by Iowa law cannot hold its meetings there; that, in such case, the award cannot be returned to the district judge sitting where the injury occurred, because no Iowa district judge does or can sit there, and that no such judge can order such commutation. That is all true. But is it at all relevant? Suppose there had been a written contract providing, in terms, that, for injuries sustained either within or without the state, compensation should be made on the terms, conditions, and schedules of the Iowa Workmen's Compensation Act. Suppose an injury in Nebraska. All that can be said in the supposed case is that some of the provisions of the Iowa act could not be carried out. The employee would be required to be content with the fact that he had suffered injury which he might possibly have avoided, had it been within the power of the Iowa authorities to fix standards of safety in the place where he was injured. Neither party can obtain a sitting of the arbitration committee in Nebraska. It would not be possible to return the award of the committee or commissioner to an Iowa district court or judge sitting at the place where the injury occurred. It would not be possible to have an Iowa judge sitting in that place order a commutation to a lump sum. But how does all this destroy the substantial

right to demand an adjustment without litigation, and on the terms fixed by the Iowa statute? Some things provided by that statute would respectively not be available to one or the other party. But how can that affect the right to obtain all that *is* available? Instead of taking away that which can be obtained because some other thing may not be, is it not more reasonable to say, in the language of *Kennerson v. Thames Towboat Co.,* 89 Conn. 367 (94 Atl. 372), that:

"In legislative acts inaugurating a new system, not infrequently are found contradictory positions, and it becomes the duty of the court to reconcile them, so far as it can. It does this, whenever it is possible, in such way as to sustain the act and carry out its purposes."

Aside from the position that what is clearly available may not be lost because something else is not available, and despite the fact that, in passing this new legislation, it could well have been arranged that everything given by the act would always be available, safe ground as to this whole controversy can be reached by the one holding that it is fairly within the purpose, reason, and intendment of the act to construe it to enact that, as to provisions such as to where the arbitration committee shall sit, or as to presenting the award to the district judge, and the like, it is intended, where an injury otherwise within the act occurs without the state, "that place" means the place where the contract was entered into. It is no strain upon the manifest purpose of the statute to hold that, where one sustains an injury in another state that is within the provisions of the act, the arbitration committee may meet in the place where the hiring was done, and that, where action on part of a judge or a court is provided for, it shall mean a judge or court having jurisdiction in the place where the contract was entered into. As was said in *Kennerson v. Thames Towboat Co.,* 89 Conn. 367 (94 Atl. 372):

"In a sense, the injury may be said to have been sus-

tained in the place of the contract; and if appeal is taken, in cases of injury occurring without the state, to the county of the contract, the terms of the act will be reasonably satisfied."

It is our judgment that the award and the action of the district court thereon should be—*Affirmed*.

LADD, C. J., EVANS and PRESTON, JJ., concur.