SAUNDERS' CASE.

Washington.    Opinion March 31, 1927.

*In the case of an employee residing in Maine and employed by the joint superintendent of two corporations, one a foreign corporation owning the stock in the other, a Maine corporation, but within the limits of this state, though the employee was at once sent to the foreign country to do work and remained there until his injury and death, there is a presumption that it was not the intention of the parties to violate the law of the foreign country, and a finding by the Commission awarding compensation on the ground that the contract was between the employee and the Maine corporation was warranted.*

In the instant case though the Maine corporation had no plant in the foreign country or authority to do business there, and the furnishing of labor to do work there may have been ultra vires, yet under the circumstances shown to exist in this case, it was not foreign ·to its corporate purposes, but in extension thereof, and if its contract with the employee contemplated it, the employee would be entitled to compensation under the extra-territorial clause of the Act.

The evidence in the case does not disclose anything illegal under the laws of the · state in the Maine corporation contracting with an employee to do work in a foreign country.   An alien labor act of a foreign country applies only to contracts between its own citizens and aliens.   No question being raised but that the assent and insurance policy were broad enough to cover an employee engaged in work in a foreign country if contemplated under the contract of employment.

On appeal. Petition of Annie L. Saunders, mother of Claude Ronal Saunders, who was accidently killed May 27, 1925, at St. Stephen, in the Province of New Brunswick, in the course of his employment. Compensation was awarded by the Associate Legal Member, and from an affirming decree an appeal was taken. Appeal dismissed with costs. Decree below affirm.

The case fully appears in the opinion.

*Locke, Perkins & Williamson* for petitioner.

*Harold H. Murchie and Robert Payson* for respondents.

SITTING: WILSON, C. J., PHILBROOK, DUNN, BARNES, BASSETT, JJ.

WILSON, C. J. An appeal from a decree of a justice below confirming the findings of the associate legal member of the Industrial Accident Commission.

The Maritime Electric Co., Ltd., a Canadian corporation, supplies the city of St. Stephen in New Brunswick with electricity, and also the St. Croix Gas Light Co., a Maine corporation, for distribution in the city of Calais and surrounding territory. The Maritime Electric Co. owns all the stock of the Maine corporation. The two corporations are separate legal entities, but are owned and controlled by the same parties, and are managed by the same executives. The evidence discloses that only one crew was employed to do the work of both companies, and the men were assigned by the foreman to do work on either side of the boundary as occasion required. The deceased, a resident of Calais, on May 21st, 1925, was employed in Calais by the foreman of the work crew of both corporations, and was at once assigned to work in the city of St. Stephen on the Canadian side, where on May 27th he received the injuries resulting in his death.

The associate legal member in effect found that he was in the employ of the St. Croix Gas Light Co., at the time he was injured, although he was working on the Canadian side and that section 25 of the Compensation Act applied, and that the petitioner was wholly dependent upon him. The respondents contend that there was no evidence to support the finding that he was at the time in the employ of the Maine corporation and, even if so, section 25 of the Act would not apply to the circumstances shown to exist.

While there was evidence to support the contention of the respondents that all the employees were employed and paid by the Canadian company, inasmuch as it was unlawful for the Canadian company under the laws of New Brunswick to bring alien labor into New Brunswick under contract, and the original hiring appearing to have taken place in Maine, we think the associate legal member was warranted in finding upon the evidence and the presumption that it was not the intent of any of the parties to violate the law of New Brunswick, that the original contract of employment was a legal and not an illegal one, and was, therefore, between the deceased and the Maine company.

It is true that even if the employment was by the Maine company in the first instance, in order for his dependents to recover he must have remained in its employ while working on the Canadian side, and their recovery is by virtue of section 25 of the Compensation Act, although there appears to be a tendency in the later decisions, where the acceptance of the Act is contractual and not compulsory, to extend its operations extra territorially without an express provision to that effect. *Smith* v. *Van Noy Interstate Co.*, (Tenn.) 35 A. L. R., 1409 and note.

While the Maine company has no plant on the Canadian side nor any authority to do business there under its charter, under the decision of the associate legal member he must have found that the contract of employment with the Maine company contemplated the performance of work in connection with the supplying of electric power on both sides of the river by common understanding between the two companies according as their needs required. We can not say there was no evidence to support such a finding. Notwithstanding an agreement to furnish labor for such purposes on the Canadian side and the furnishing of such labor may have been *ultra vires* as to the Maine company, it was not foreign to its corporate purposes but in extension thereof. *Electric Co.* v. *Electric Co.*, 107 Me., 279, 282. If its contract with its employee contemplated it, he would still be entitled to compensation under the extra territorial clause of the Act, *Uhl* v. *Hartwood Club* 163 N. Y. S., 744, unless it appeared that such employment was not covered by the assent or contract of insurance.

The certificate of assent and insurance policy are not made a part of the evidence, but no question is raised in the answer that they

were not broad enough to cover any work on the Canadian side if contemplated by the contract of employment. *McCollor's Case,* 122 Me., 136.

There appears to be nothing illegal, in the sense that it was prohibited, in a contract betwen an employee and the Maine company to do electrical work when required on the Canadian side. The New Brunswick Alien Labor Act applies only to contracts between its own corporations or residents and aliens.

Therefore, we think the finding of the associate legal member that the contract of employment was between the St. Croix Gas Light Co. and the deceased and that it contemplated work on both sides of the river has sufficient evidence in the case to sustain it; and though *ultra vires* as to work on the Canadian side, yet since such a contract was not prohibited by any Maine statute, and was merely an extension of the corporate power of the Maine corporation, the deceased while engaged in work under such contract on either side of the boundary is entitled to the benefit of the Act, and the mandate must be:

*Appeal dismissed with costs.*
*Decree below affirmed.*