BERNIE SWEET, PETITIONER-DEFENDANT, v. AUSTIN COMPANY, A CORPORATION, RESPONDENT-PROSECUTOR.

Submitted January 27, 1934—Decided April 4, 1934.

Before Justices CASE, BODINE and DONGES.

For the respondent-prosecutor, *John A. Matthews.*

For the petitioner-defendant, *Kwalick & Toker.*

BODINE, J.   Prosecutor seeks the review of an award of compensation under the Workmen's Compensation act.   Two questions are presented and there is no merit in either.

First, the proofs sustain the bureau finding that the contract of employment was made in this state, and that although the work was to be performed in another state still our statute was controlling.   Since compensation under section 11 of the statute rests in contract, the bureau took the correct view of the law.   *Foley* v. *Home Rubber Co., 89 N. J. L.* 474; *Rounsaville* v. *Central Railroad Co., 87 Id.* 371; 90 *Id.* 176; *Hi-Heat Gas Co.* v. *Dickinson,* 12 *N. J. Mis. R.* 151.

Second, although there was no petition filed within a year still an agreement in regard to compensation was made pursuant to the Massachusetts law and compensation was paid thereunder up to a few months before filing the petition in suit.   The payments of compensation as made must be regarded as either voluntary or by agreement since the Massachusetts statute did not apply.   The action was, therefore, not barred by limitation.   *Herbert* v. *Newark Hardware Co., 107 N. J. L.* 24.

The award is affirmed.