Susie Schwartz Cullamore, Claimant, Appellee, v. Groneweg & Schoentgen Company et al., Appellants.

No. 42653.

December 11, 1934.

Rehearing Denied April 5, 1935.

Miller, Miller & Miller, for appellants.

Courtright, Sidner, Lee & Gunderson, and Kimball, Peterson, Smith & Peterson, for appellee.

Stevens, J.—The facts of this case are not in dispute, and only a question of law is presented for decision. The appellant Groneweg & Schoentgen Company is a corporation organized and existing under the laws of Iowa and having its principal place of business at Council Bluffs. It is engaged in the business of selling groceries at wholesale. In May, 1927, Henry Cullamore, who resided at Hooper in the state of Nebraska, entered into a contract with appellant employer in Council Bluffs, Iowa, to sell groceries as a traveling salesman in the state of his residence. His duties under the contract were therefore largely to be performed outside of Iowa. He was required to make periodical visits to appellant's place of business in Council Bluffs for conference, for the taking of invoices

and the transaction of business pertaining to his services in the state of Nebraska. All sales were obviously reported to the home office of appellant, from which point we assume shipments of merchandise were made. On February 15, 1932, the employee fell upon some ice while calling upon a customer at Humphrey, Nebraska, receiving injuries from which he shortly thereafter died. The claimant, Susie Schwartz Cullamore, is his surviving widow.

The briefs of counsel filed in this case are elaborate and present an extensive review of authorities bearing upon the question presented for decision, which is: May the claimant, under the facts and circumstances of this case, receive compensation under the laws of this state, or must she find her remedy, if any, under the laws of the state of Nebraska?

A careful examination of the cases cited discloses a lack of harmony in the rules established by the courts in the various jurisdictions of this country. It is contended on behalf of appellant that the Iowa statute cannot properly be given extraterritorial effect and that, as the contract in terms provided that the employee, a resident of Nebraska, should perform services almost exclusively in the state of his residence, the workmen's compensation laws of this state are not applicable. On the other hand, it is contended on behalf of appellee that the question is settled by the prior decisions of this court in favor of claimant.

Under the provisions of sections 1363 and 1364 of the Code of 1931, it is conclusively presumed that every employer, in the absence of notice in writing of an intention to the contrary, has elected to provide, secure, and pay compensation according to the provisions of chapter 70 of the Code for any and all personal injuries sustained by employees arising out of and in the course of their employment.

It is further provided by section 1377 that:

"Where the employer and employee have not given notice of an election to reject the terms of this chapter, every contract of hire, express or implied, shall be construed as an implied agreement between them and a part of the contract on the part of the employer to provide, secure, and pay, and on the part of the employee to accept compensation in the manner as by this chapter provided for all personal injuries sustained arising out of and in the course of the employment."

The act in none of its provisions limits the scope or application of the foregoing statutes, and they must be given the force and effect implied by their express terms. The act has been construed by this court as elective and not compulsory. Pierce v. Bekins V. & S. Co., 185 Iowa 1346, 172 N. W. 191. The case just cited is relied upon by appellee as decisive of the present controversy. Under the facts of that case, the scope of the decision is, in terms, somewhat narrower than the proposition now before us for review. In that case, the employee was injured while on a trip to the state of South Dakota, which was incidental to his general employment. In the course of the decision, this court said that the compensation statutes of this state, under the contract of employment, became a part of such contract. Thus, the relationship between the employer and employee was contractual. Each was conclusively presumed to have elected to accept the provisions of the Workmen's Compensation Law. The employee, as stated, received his injuries while performing services under his contract entered into in the state of Iowa in the state of South Dakota. It must, of course, be conceded that the facts are, in important and material respects, unlike in the cited case and the case at bar, but, in the cited case, what appellants call extraterritorial effect was, in a sense, given to the statute. As already stated, the contract involved in the present controversy was entered into on the part of the employee with the employer having its principal place of business in the state of Iowa. The practical distinction between the present case and the Pierce case is in the fact that the principal services to be performed by the deceased employee were to be in the state of Nebraska and not in the state of Iowa. If the statute was correctly interpreted in the Pierce case, the difference in the facts thereof and the facts of the present controversy does not necessarily call for a contrary conclusion. Compensation laws of comparatively recent application in this state were enacted to accomplish certain and definite purposes. They comprehend an enlarged and better relationship—a relationship out of which each of the respective parties obtain more or less mutual and reciprocal benefits. The legislature has not seen fit to limit the scope and effect of our compensation statutes within state boundaries. It could do this or it could give them wider application. The latter could be made so by contract. The deceased employee carried on his employment in Nebraska, making the necessary reports and visits to his employer for the benefit and profit of the employer's business.

The question is not whether a decision one way or the other will be more convenient or profitable to the employee. The statutes must be interpreted and construed according to their purpose, meaning, and intent. It is significant that the legislature has seen fit to provide that "If the injury occurred outside this state the hearings of the board shall be held in the county seat of this state which is nearest to the place where the injury occurred. * * * " Section 1440, Code 1931. The act itself, therefore, recognizes that compensation is to be available to an employee notwithstanding the injuries are received in some other jurisdiction. There is no question but what the injuries in the present instance arose out of and in the course of the employment. We are not dealing with actions arising *ex delicto*, but with a controversy in its nature contractual.

It is true that the authorities are in more or less conflict, but the undoubted weight thereof sustains the holding of this court in Pierce v. Bekins V. & S. Co., supra, also the holding of the district court in this case. Many distinctions and differentiations are pointed out by counsel for the respective parties in the many cases cited in their briefs. Some of these distinctions are not without point but many of them overlook the scope of the discussion and exact point of decision. A few of the many decisions in other jurisdictions tending to sustain the conclusion of this court are the following: Hoffman v. Professional Underwriters et al., 259 Mich. 633, 244 N. W. 184; Crane v. Leonard, Crossette & Riley et al., 214 Mich. 218, 183 N. W. 204, 18 A. L. R. 285; Brameld v. Albert Dickinson Co., 186 Minn. 89, 242 N. W. 465; Smith v. Van Noy Interstate Co. et al., 150 Tenn. 25, 262 S. W. 1048, 35 A. L. R. 1409; Zurich General Accident & Liability Ins. Co. v. Industrial Commission, 193 Wis. 32, 213 N. W. 630; Anderson v. Miller Scrap Iron Co., 169 Wis. 106, 170 N. W. 275, 171 N. W. 935; Grinnell v. Wilkinson, 39 R. I. 447, 98 A. 103, L. R. A. 1917B, 767, Ann. Cas. 1918 B, 618; Selser et al. v. Bragmans Bluff Lumber Co. (La. App.) 146 So. 690; Hargis v. McWilliams Co., 9 La. App. 108, 119 So. 88; Sweet v. Austin Co., 171 A. 684, 12 N. J. Misc. 381; McGuire v. Phelan-Shirley Co. et al., 111 Neb. 609, 197 N. W. 615; Johnston v. Industrial Commission et al., 352 Ill. 74, 185 N. E. 191; Migues' case, 281 Mass. 373, 183 N. E. 847; McLaughlin's case, 274 Mass. 217, 174 N. E. 338; Saunders' case, 126 Me. 144, 136 A. 722; Hulswit v. Escanaba Mfg. Co., 218 Mich. 331, 188 N. W. 411; Falvey v. Sprague Meter Co. et al., 111 Conn. 693, 151 A. 182. Contra: McCaffrey v. American

Mut. Liability Ins. Co. (D. C.) 32 F. (2d) 791; Industrial Commission of Ohio v. Gardinio, 119 Ohio St. 539, 164 N. E. 758; American Radiator Co. v. Rogge, 86 N. J. Law 436, 92 A. 85, 94 A. 85; Ocean Accident & Guarantee Corp. v. Industrial Commission, 32 Ariz. 275, 257 P. 644; Logan v. Missouri Bridge & Iron Co., 157 Ark. 528, 249 S. W. 21; Bottiani v. Oliver Iron Mining Co., 171 Minn. 382, 214 N. W. 57; Davidheiser v. Hay Foundry & Iron Works, 87 N. J. Law 688, 94 A. 309; Kennerson v. Thames Towboat Co., 89 Conn. 367, 94 A. 372, L. R. A. 1916A, 436; Rounsaville v. Central R. Co., 87 N. J. Law 371, 94 A. 392.

The discussion by Justice Salinger in the Pierce case is sufficient for present purposes. We see no need to add to the recognition therein of the essential principles. We find nothing in Chicago, R. I. & Pac. Ry. Co. v. Lundquist, 206 Iowa 499, 221 N. W. 228, which is in any sense in conflict with the conclusion here reached. To distinguish the many authorities from other jurisdictions for the purpose of clarifying the discussion would involve much, and obviously unnecessary, labor. There are two lines of authorities but we deem it the wiser course to adopt the one clearly in harmony with our prior decision and representing the great weight of authority and marking the clear trend of judicial decision.

We hold that the Iowa workmen's compensation statute must be construed as a part of the contract of employment, and the right of appellee to compensation is sustained.—Affirmed.

MITCHELL, C. J., and KINTZINGER, DONEGAN, ALBERT, and ANDERSON, JJ., concur.