GLENN D. TOWERS, Claimant, Appellee, v. WATSON BROS. TRANS-
PORTATION COMPANY et al., Appellants.

LE ROY O. PIEART, Claimant, Appellee, v. WATSON BROS. TRANS-
PORTATION COMPANY et al., Appellants.

No. 45200.

NOVEMBER 12, 1940.

REHEARING DENIED MARCH 21, 1941.

Havner, Flick & Powers, F. L. Galpin, and Margaret I. Cunningham, for appellees.

Miller, Huebner & Miller, for appellants.

MITCHELL, J.—Glenn D. Towers filed an application for arbitration in the office of the Iowa industrial commissioner in which he alleged that he received an injury arising out of and in the course of his employment at Iowa City, Iowa, on the 17th day of December, 1937, resulting in certain specified disabilities.

He alleged that the defendant Watson Brothers Transportation Company, Inc., is a foreign corporation licensed to do business in the state of Iowa and engaged in the transportation of freight for hire. That the defendant Employers Mutual Casualty Company carried the workmen's compensation insurance. That he was employed by Watson Brothers together with his helper, Le Roy O. Pieart, "to operate a truck under said employers interstate permit and under its state permit in the states of Iowa and Illinois and while so in their employ was to transport a cargo for said employer under its permit to Chicago and to transport a cargo from Chicago to Des Moines." He alleged that while en route back from Chicago to Des Moines in accordance with his employment, the truck, on account of the icy condition of the road, slid off the road, and as a result he received personal injuries resulting in disability.

Defendants filed a general denial and in addition alleged that, at the time of said accident, claimant was engaged in interstate commerce, and that the Iowa workmen's compensation act would not be applicable. The defendants' answer also alleged that Towers was an independent contractor and that he was not an employee of the defendant Watson Brothers within the meaning of the Iowa compensation act. The case was first tried as an arbitration action before the deputy industrial commissioner, sitting as the sole arbitrator, and, on the 14th day of May, 1938, he rendered a decision awarding compensation to claimant. The case was reviewed before the industrial commissioner, who rendered a decision affirming the deputy commissioner's award. The defendants appealed to the district court of Johnson county, and the Honorable H. D. Evans, one of the judges of said court, affirmed the findings of facts and

award of the industrial commissioner and rendered judgment accordingly. The defendants have appealed to this court.

This is a workmen's compensation case and this court has rightly said on many occasions that the workmen's compensation act is to have a broad and liberal construction in aid of accomplishing the object of the enactment. With this thought in mind we turn to the record in this case.

In a very lengthy and able argument, appellants urged upon us the contention that, because claimant was engaged in interstate commerce, the act does not apply. The evidence shows that Towers was hired in Iowa, and his contract of employment was an Iowa contract. He was told that Watson Brothers had insurance that would fully cover him. He was injured within the border of this state.

This court in the case of Pierce v. Bekins Van & Storage Co., 185 Iowa 1346, on page 1354, 172 N. W. 191, on page 193, said:

"In other words, it can be conceded that, *as a law,* the compensation statute is not to be effective in other states. But such concession will not meet the position that, even if the statute is not law in another state, yet, with the statute read into the contract, there is an enforcible contract to be paid according to the statute, though the injury be suffered outside of the state. And it will be found that, in cases wherein it is affirmed that there can be no recovery because the statute has no extra-territorial effect, the distinction was overlooked that a statute which is a law only within the state may be so read into a contract of hiring as that compensation according to the terms of the statute may be recovered though the injury was sustained in a jurisdiction in which said statute was not effective as a law."

In the Pierce case the employee was hired by a moving van company located in Sioux City, and, when he was injured, he was in the process of hauling a load of furniture from Nebraska back to Iowa.

In the case of Cullamore v. Groneweg & Schoentgen Co., 219 Iowa 200, 202, 257 N. W. 561, 562, speaking through Justice Stevens, this court said:

"Compensation laws of comparatively recent application in

this state were enacted to accomplish certain and definite purposes. They comprehend an enlarged and better relationship—a relationship out of which each of the respective parties obtain more or less mutual and reciprocal benefits. The legislature has not seen fit to limit the scope and effect of our compensation statutes within state boundaries. It could do this or it could give them wider application. The latter could be made so by contract. The deceased employee carried on his employment in Nebraska, making the necessary reports and visits to his employer for the benefit and profit of the employer's business. The question is not whether a decision one way or the other will be more convenient or profitable to the employee. The statutes must be interpreted and construed according to their purpose, meaning, and intent. It is significant that the legislature has seen fit to provide that 'If the injury occurred outside this state the hearings of the board shall be held in the county seat of this state which is nearest to the place where the injury occurred. * * *' Section 1440, Code of 1931. The act itself, therefore, recognizes that compensation is to be available to an employee notwithstanding the injuries are received in some other jurisdiction. There is no question but what the injuries in the present instance arose out of and in the course of the employment. We are not dealing with actions arising ex delicto, but with a controversy in its nature contractual.''

The contract on the part of the employer to pay compensation to the employee, and the contract on the part of the employee to accept such benefits, is made by the statute itself.

Glenn Towers entered into a contract of employment with Watson Brothers, in the state of Iowa, and regardless of the fact that in the performance of the duties required he was compelled to go outside of the state of Iowa, when he became an employee of Watson Brothers the statutes of this state created a contract on the part of the employer to pay him for any injury which he received in the course of his employment, whether that injury was received outside or inside the state of Iowa.

It is next contended that at the time of the accident Towers was not an employee of the Watson Brothers Company, within the meaning of the workmen's compensation act

of Iowa. That the relationship of Glenn D. Towers to the said transportation company was that of an independent contractor.

So we are confronted with the difficult question of whether Towers was an independent contractor, or the relationship of master and servant prevailed. The late Justice Evans expressed the views of the writer of this opinion on this troublesome question, in the case of Burns v. Eno, 213 Iowa 881, at page 884, 240 N. W. 209, at page 210, when very pertinently and aptly he said:

"The question raised is one which lends itself to endless debate and rather plausible argument on either side. Discussion of the question abounds in the books. Harmony is apparent in the statement of principles and in the platitudes and abstract phases of the subject. But in the application of the abstract to the concrete, and of the principles to the particular case in hand, there is much diversity and confusion of opinion in the precedents in different jurisdictions. In this state of the precedents, we can only hope to maintain, if we may, consistency in our own decisions."

In the recent case of Heintz v. Iowa Packing Co., 222 Iowa 517, on page 532, 268 N. W. 607, on page 616, after reviewing the authorities, we said:

"We believe the better rule is that where the employer has control over the employee, the fact that the employee uses his own automobile is wholly immaterial if that automobile is being used when the employee is in the course of his employment. In other words, the control of the man behind the wheel is the same as the control of the wheel, for that car will go wherever the man directs it, and the man will direct it wherever the appellant company that has control over him, orders him to go. Randolph was a servant of the appellant company, doing its bidding, acting under its instructions at all times. The court could not determine the question from the evidence as a matter of law, and therefore properly submitted the case to the jury upon appropriate instructions, which are not questioned on this appeal."

So the question in the case at bar for determination is: Did Watson Brothers have control over Towers? This record

shows that Towers was not being hired for the performance of a certain piece of work at a fixed price, but that he was to be given steady employment. Towers employed a helper after the superintendent of Watson Brothers informed him that he did not have a man to go along with him. Towers was instructed what road to take to Chicago, where to report when he reached that city, that he would receive directions from the Watson Brothers' Chicago office where to get his return load. He obeyed orders following the route he was directed to take and the instructions as to the return load. Appellant says Towers was an independent contractor, and yet he never secured a permit from the Iowa railroad commission to operate a truck in the state. Watson Brothers knew this, and it was under their permit that he operated in Iowa. It was under the Watson Brothers' permit that Towers operated from Des Moines to Chicago. After the truck was loaded, by direction of the superintendent of Watson Brothers, there was printed on both sides of the Towers truck the words "I. R. C. No. 360, Watson Brothers Transportation Co." This was the permit number under which Watson Brothers had a right to operate, and, as this truck left the Watson Brothers place in Des Moines, it was a part of the Watson Brothers Transportation Company. It could not have operated a single mile, except under the permit of Watson Brothers. The work it was doing was a part of the regular business of the Watson Brothers Company. In face of such a record, could anyone say that Watson Brothers did not have control over the driver of the truck? And having control over the driver it had control over the truck.

In the case at bar, Watson Brothers carried the insurance on the appellee and on the truck—not a separate policy, but under the regular policy of insurance which covered all their employees. They informed Towers before he started that he was fully covered by insurance.

In the recent South Dakota case, Biggins v. Wagner, 60 S. D. 581, 589, 245 N. W. 385, 388, 85 A. L. R. 776, the court held that the taking out of insurance upon a truck was definite evidence of the relationship of employer and employee and, in so holding, the court said:

"Conceding there was evidence indicating the relationship to be that of independent contractor, nevertheless we are of the opinion that there also was evidence indicating that the relationship was also that of master and servant. Fantle Bros., Inc., directed which packages should be delivered first and Wagner complied with the direction; the delivery truck bore the name 'Fantle Bros., Inc.'; Wagner when asked his occupation would reply, 'Driving for Fantles'; Fantle Bros., Inc., requested insurance against the negligent acts of Wagner. These facts, and others, in the absence of a specific contract, all indicate that Wagner was in fact subject to the direction or control of Fantle Bros., Inc."

So we have a case where Towers was operating under the permit of Watson Brothers and he was informed that he was covered by the insurance which Watson Brothers carried. Certainly Watson Brothers itself considered Towers merely an employee.

Under this record we can come to no other conclusion but that Towers was under the control of Watson Brothers and that the relationship of employer and employee existed. It necessarily follows that the case must be and it is affirmed.—Affirmed.

OLIVER, SAGER, HALE, STIGER, and HAMILTON, JJ., concur.

MILLER, J., takes no part.