# Dimarco, Appellant, *v.* Cupp Grocery Company.

*Negligence—Stores—Oiled floors—Nonsuit.*

In an action of trespass to recover damages for personal injuries, sustained in a fall upon the floor of a store, a nonsuit is properly entered, where the testimony discloses no negligence on the part of the defendant.

The plaintiff slipped on a recently oiled floor of the store and was injured. There was no testimony that the oil was applied improperly, spread too thickly, or lay in pools,—and there was no direct evidence that it was the oil which caused the plaintiff to slip and fall. No one testified to the slippery condition of the floor at the time and place where he fell; the plaintiff did not even say that he saw or felt any oil on the floor at that place. Under such circumstances, a nonsuit is properly entered.

The doctrine of res ipsa loquitur does not apply to such a case. No liability attached to the defendant from the mere happening of the accident; it was necessary to prove some specific default or negligence on its part causing plaintiff's fall and injury, or the existence of conditions so obviously dangerous as to amount to evidence from which an inference of negligence would arise, before defendant could be held responsible in damages.

Argued April 15, 1926. Appeal No. 186, April T., 1926, by plaintiff, from judgment of C. P. Somerset County, December T., 1925, No. 434, in the case of Joe Dimarco v. Cupp Grocery Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover personal injuries. Before BERKEY, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment of nonsuit, which it subsequently refused to take off. Plaintiff appealed.

*Error assigned,* among others, was refusal to take off the judgment of nonsuit.

*Norman T. Boose,* of *Boose & Boose,* for appellant.

*Frank P. Barnhart,* and with him *Clarence L. Shaver,* for appellee.

OPINION BY KELLER, J., July 8, 1926:

This is an appeal from the refusal of the court below to take off a non-suit in an action of trespass for personal injury.

On the night of Saturday, September 19, 1925, the plaintiff went to defendant's store to get some meat which he had ordered by telephone earlier in the evening. He arrived there at twenty minutes past eleven o'clock, when defendant's employees were about closing the store. While he waited for a customer ahead of him to be served, two of defendant's employees were oiling the floor with a floor dressing which was applied on Saturday nights once or twice a month. Plaintiff saw them applying the liquid but did not know what it was. When his package was handed to him he walked towards the front door and when about fifteen feet from the meat counter slipped and fell and broke his leg. Plaintiff was the only witness called to describe the fall and his testimony was confined to the statement that he walked about five yards from the butcher and slipped and fell down. There was no testimony that the floor oil was applied improperly, spread too thickly, or lay in pools; there was no direct evidence that it was the oil which caused plaintiff to slip and fall. No one testified to the slippery condition of the floor at the time and place where he fell; the plaintiff did not even say that he saw or felt any oil on the floor at that place. There was no evidence as to any oil being found on plaintiff's clothes when he was helped up or taken home, from which it might be inferred that any loose oil remained on the floor after the dressing had been applied. In short the case is barren of all testimony except that the floor had been oiled by defendant's employees, just previous to closing at the

end of the week and that plaintiff slipped and fell and was injured.

The doctrine of res ipsa loquitur does not apply to such a case. No liability attached to the defendant from the mere happening of the accident; it was necessary to prove some specific default or negligence on its part causing plaintiff's fall and injury, or the existence of conditions so obviously dangerous as to amount to evidence from which an inference of negligence would arise, before defendant could be held responsible in damages: Chapman v. Clothier, 274 Pa. 394, 396; Huey v. Gahlenbeck, 121 Pa. 238. To recover it was essential to show a failure to exercise reasonable care for the safety of the customer: Markman v. Bell Stores Co., 285 Pa. 378, 382; Robb v. Niles-Bement-Pond Co., 269 Pa. 298. It is not negligence per se to have an oiled floor in a store: Spickernagle v. Woolworth, 236 Pa. 496; Kipp v. Woolworth, 134 N. Y. Supp. 646 [appeal dismissed, 206 N. Y. 628, 99 N. E. 1109]; nor to apply an oil dressing to a floor if done in a proper manner and so as not to leave it in any different condition than is usual with oiled or polished floors: Diver v. Singer Mfg. Co., 205 Pa. 170, 172. The Court was asked in this case to infer negligence from the mere happening of the accident and properly refused to do so.

The assignment of error is overruled and the judgment is affirmed.