# McLure et al. *v.* New Castle Dry Goods Company, Appellant.

*Negligence—Stores—Slippery stairs.*

In an action to recover damages for personal injuries sustained in a fall upon a stairway leading to the third floor in defendant's store, plaintiff testified that the steps were in a "damp, slippery condition when she fell, though they were dry when she went up the stairs a short time before." The only other evidence produced to establish defendant's alleged negligence was that a woman was seen on the second floor with a scrub bucket beside her. There was no direct testimony that the woman had been cleaning the steps.

Such evidence was insufficient to establish that anything had been done to the steps by defendant or its employees to make them unsafe for use by customers of the store, and judgment for plaintiff will be reversed.

Argued April 18, 1928. Appeal No. 3, April T., 1928, by defendant from judgment of C. P., Lawrence County, No. 82, June T., 1927, in the case of Isabelle Burke McLure and Howard E. McLure, husband of Isabelle Burke McLure, v. New Castle Dry Goods Company, a corporation. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Trespass to recover damages for personal injuries. Before CHAMBERS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,100 and judgment thereon. Defendant appealed.

*Error assigned* was the refusal of defendants' motion for judgment non obstante veredicto.

*Robert L. Wallace,* for appellant.

*Clyde Gibson,* for appellee.

OPINION BY KELLER, J., July 12, 1928:

Defendant conducts a department store in the city of New Castle. The stairs leading from one floor to another are of stone. Plaintiff had walked up these stairs from the second to the third floor to see something in the Art Department. On her way down she slipped on the top or second step and lighted on the fifth or sixth step, receiving injuries to her back for which she brought her action in trespass. She and a woman friend who was with her examined the steps immediately after her fall and found them "slippery"; "appeared to be drying like"; "in a damp, slippery condition"; "they appeared to have been cleaned or polished"; "they just felt that they were damp." Plaintiff testified she did not know what made them slippery, but said they "didn't seem to be wet when we went up." She had frequently used the stairs before and was familiar with them.

The evidence relied on to charge defendant with being responsible for this damp, wet or slippery condition of the stairs, was the fact, testified to by both plaintiff and her friend, that in front of the 'locker room' on the second floor, not far from the bottom of this flight of steps, a woman was standing dressed in calico, apparently an employe of defendant, with nothing in her hands, but with a scrub bucket on the floor beside her. It was not shown that there was anything in the bucket, no water or oil or contents of any kind; and no one testified that this woman had been mopping the steps or polishing them or working about them, or was even on them during the period plaintiff was on the third floor. The learned trial judge apparently misunderstood the evidence for in his charge to the jury he said she was on the landing, which broke the flight of stairs; and in his opinion he referred to her as "standing near the landing on these stairs beside a locker." The testimony of both witnesses for the plaintiff was that she was standing in front of the

'locker room' on the second floor near or next to the stairway.

Without considering the evidence of this woman, who testified as a witness for the defense that her duties were confined to the second floor and that she had nothing to do with, and had done nothing to, the stairs leading to the third floor, we are of opinion that the evidence of the plaintiff and her witness was not sufficient to support an inference that this woman had been mopping or cleaning or washing the steps, just because she was standing on the second floor near them with an empty bucket beside her. The steps were apparently dry when plaintiff went up them on her way to the Art Department and there is no evidence in the case that anything was done to them by the defendant or its employes or any one for whom it was responsible, to make them unsafe for use by customers of the store.

The case bears no likeness in its facts to cases where it was shown that employes of the defendant were responsible for the slippery or dangerous condition of the floor by an improper or excessive application of oil. See MacDonald v. F. & W. Grand, 89 Pa. Superior Ct. 526, in connection with Diver v. Singer Mfg. Co., 205 Pa. 170; Spickernagle v. Woolworth, 236 Pa. 496; Dimarco v. Cupp Grocery Co., 88 Pa. Superior Ct. 449; or where the slippery and unsafe condition of the stairs or floor had existed long enough for the owner to have had notice: Markman v. Bell Stores Co., 285 Pa. 378, 383; Robb v. Niles-Bement-Pond Co., 269 Pa. 298, 300.

We are of opinion that binding instructions in favor of the defendant should have been given the jury or judgment non obstante veredicto entered in its favor.

The assignments of error are sustained. The judgment is reversed and is now entered for the defendant.