Dalgleish *v.* Oppenheim, Collins & Co., Appellant.

Argued October 7, 1930.   Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

*Robert D. Dalzell,* of *Dalzell, Dalzell & McFall,* for appellant.—There was no evidence of negligence: Huey v. Gahlenbeck, 121 Pa. 238; Robb v. Pond Co., 269 Pa. 298; Haddon v. Snellenburg, 293 Pa. 333; Chapman v. Clothier, 274 Pa. 394; McLure v. Dry Goods Co., 93 Pa. Superior Ct. 606; Spickernagle v. Woolworth, 236 Pa. 496; Dimarco v. Grocery Co., 88 Pa. Superior Ct. 449; Markman v. Bell Stores, 285 Pa. 378; Stearns v. Spinning Co., 184 Pa. 519; Gorman v. Brahm's Sons, 298 Pa. 142.

*John Duggan, Jr.,* with him *Levy, Crone & Berger,* for appellee.

OPINION BY MR. JUSTICE WALLING, November 24, 1930:

At the time in question, the defendant corporation, Oppenheim, Collins & Company, were proprietors of a store in Pittsburgh, the rear of which contained a retail shoe department. On the afternoon of December 20, 1928, the original plaintiff, Catherine L. Dalgleish, seventy years of age, entered the store to buy a pair of galoshes and, while walking along an aisle to reach that department, fell and was seriously injured. The mere fact that plaintiff fell and was hurt while in defendant's store, without more, would not render it liable therefor: Gorman v. Brahm's Sons, Inc., 298 Pa. 142; Huey v. Gahlenbeck, 121 Pa. 238; McLure et al. v. New Castle Dry Goods Co., 93 Pa. Superior Ct. 606; Dimarco v. Cupp Grocery Co., 88 Pa. Superior Ct. 449. But in view of the verdict and judgment in plaintiff's favor, from which defendant brought this appeal, we must assume the truth of plaintiff's evidence; in other words, "Under the circumstances all the evidence and inferences therefrom favorable to plaintiff must be taken as

true, and all unfavorable to him, if depending solely upon testimony, must be rejected": Wiles v. Emerson-Brantingham Co., 267 Pa. 47, 48; see also Dunbar v. Preston et al., 285 Pa. 502. Hence we find the floor of the aisle was sloping and slippery and covered by two rubber mats each about six feet long and two feet wide, laid on the floor loose and end to end, with about six inches of bare floor space between them; that the under side of the mats was smooth and covered, or partly covered, with a slippery substance; that, as plaintiff stepped from the first mat onto the second, the latter slipped and caused her to fall violently to the floor. The facts as above stated were supported by the testimony of plaintiff's daughter, Eliza, who was with her mother when she fell, and in part corroborated by other testimony. The proof for defendant was in sharp conflict with the above and if true absolved it from any blame whatever. From the printed record we might conclude that the weight of the evidence was with the defendant, but the jury who saw the witnesses found otherwise and as the court in banc sustained the finding we cannot interfere, as plaintiff's evidence justified a finding of lack of care on part of defendant. The case turned on questions of fact which were for the jury to decide. It is, of course, a storekeeper's duty to use ordinary care to protect a customer from harm. See Lineaweaver v. Wanamaker, 299 Pa. 45; Markman v. Bell Stores Co., 285 Pa. 378; Corbin v. Haws Refractories Co., 277 Pa. 126; Robb v. Niles-Bement Pond Co., 269 Pa. 298. Whether it did so, in the instant case, depended on the facts as the jury found them.

The only other error assigned is the refusal to grant a new trial, and that was a matter for the lower court's discretion. The injured plaintiff died May 4, 1929, about four and a half months after the accident, following an operation for the removal of a cancerous growth from the outer wall of the abdomen. There was evidence that as a result of the fall there was a blue mark on plain-

tiff's person near where the cancer developed. Dr. Jackson, the surgeon who removed it, expressed the opinion that it was caused, or lighted up from a latent condition, by the accident. This was sufficient to take the question of the cause of death to the jury. See Ripani v. Dittman et al., 297 Pa. 124; McCrosson v. P. R. T. Co., 283 Pa. 492. Furthermore, we could not reverse on this ground in any event, as it is not assigned as error, except as it was made one of the reasons for which a new trial was asked, which is wholly insufficient. Each alleged error must be separately assigned. An appellate court will not examine the various reasons contained in a motion for a new trial to discover whether some ruling there complained of was erroneous. If what is stated on this question in the motion for a new trial could be considered as an assignment of error it would be invalid, for it fails to set out the language of the trial judge or to show that an exception was taken thereto.

The judgment is affirmed.