Raphael *v.* W. Pa. Amusement Co., Appellant.

Argued October 27, 1932.

Before TREXLER, P. J., KELLER,

Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Martin Silverman,* for appellant.

*Maurice Finkelhor,* and with him *L. S. Levin,* for appellee.

Opinion by Trexler, P. J., December 16, 1932:

Raphael, the plaintiff, brought suit against the Western Pennsylvania Amusement Company, for the cost of the *installation* of sound equipments, in two of its theaters. The action is founded on an alleged oral contract between the parties to this suit. The appellant denied any contract was ever made with the plaintiff, and averred and attempted to prove that the appellee was a mere employee of the Pacent Reproducer Company, the company from which the appellant purchased the *equipment* and with whom, the defendant asserted, arrangements were made for the installation of the same. There was testimony to support each side. The jury found in favor of the plaintiff, and the defendant now seeks to overcome the effect of the verdict by alleging that numerous errors occurred in the trial. The first assignment is to the refusal of the court to grant a new trial, and sets forth in seven paragraphs the reasons why a new trial should be granted, the last paragraph having four sub-divisions. This

bunching of all the reasons for a new trial under one assignment is wrong. Each alleged error must be separately assigned. "An appellate court will not examine the various reasons contained in a motion for a new trial to discover whether some ruling there complained of was erroneous." Dalgleish v. Oppenheim, Collins & Co., 302 Pa. 88 (92), 151 A. 759.

We disregard the first assignment. However, the other assignments cover the matters in dispute. It is alleged that the charge of the court was misleading and inadequate. To fully present this phase of defendant's case would require a setting out of the entire charge. We have carefully read it, and can find no fault in it. It comprises fifteen pages of the printed record. Counsel did not address the jury. After the delivery of the charge there was but one suggestion offered by defendant's attorney, and this, as we will later show, was accepted. No points were submitted by either side, at least none appear on the printed record. The court very fully and we think accurately commented on all phases of the case. The suggestion offered by the defendant was to call the attention of the court to a certain exhibit No. 3, which was an acceptance of the *equipment* that had been installed, addressed to the Pacent Company, and signed by the defendant company. This paper does not throw any light on the question as to whether the Amusement Company was to pay the plaintiff for *installing* the equipment. The court directed all exhibits to be sent out with the jury. As counsel made particular reference to the fact that the paper was an acceptance of the work, that fact was definitely called to the jury's attention and any further instruction was unnecessary.

We can see no error in the remark of the court that the work had not been paid for by the defendant, either to the plaintiff or to the company with which the defendant claims to have dealt. It was an admitted fact

in the case and clarified matters, for the jury, if the defendant had already paid the claim to some one, might be inclined to decide that it should not pay it again, but as neither party had been paid, it left the matter to the jury to decide whether the plaintiff should be.

During the course of the trial it developed that the defendant had asked a representative of the Pacent Reproducer Corporation to appear as a witness, and that shortly before the trial, the counsel for the defendant had been advised by telegraph that the witness would not appear, the reason given being that he would be of no assistance to the defendant, and that defendant asked for a continuance, the refusal of which is assigned for error. We have carefully read the proceedings of the trial and we find nothing to support this exception. The only matter that appears is the reception of the telegram above referred to, and the answer of Mr. Silverman who appeared in the dual capacity of attorney and witness for the defense, that he had made application to the court to take depositions, and was refused. The record as to this for the purposes of review amounts to nothing. There was not sufficient time to take depositions between the receipt of the telegram and the trial. If there had been, intervention of the court was not required. Act of June 25, 1895, P. L. 279 Sec. 3. Neilson's Appeal 230 Pa. 540, 79A. 709. We have nothing before us to show that an application for a continuance was made containing a statement as to what defendant expected to prove by the witness.

This opinion has already assumed greater length than the controversy warrants, but we are constrained in closing to add a portion of the opinion of the lower court refusing a new trial, which clearly sets out the matters involved: ''There was no written contract between the defendant and the Pacent Reproducer Cor-

poration for the installation of the talking machine equipment according to the writings which the defendant introduced in evidence. We doubt very seriously whether the oral testimony on behalf of the defendant in its most favorable aspect is sufficient to establish a contract agreement between defendant and the Pacent Reproducer Corporation for the installation of the talking machine equipment. But, however, this may be, the trial judge submitted to the jury for their consideration the question whether the oral and written evidence introduced by defendant established its contention that it had a contract for the work which was done, not with the plaintiff, but with the Pacent Reproducer Corporation. The defendant's contention in this respect was clearly submitted to the jury and left for their decision, and they decided that question against the defendant.''

All the assignments are overruled and the judgment is affirmed.