Gibbons et al. *v*. The Harris Amusement Company, Appellant.

Argued April 25, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Arthur M. Grossman,* for appellant.

*Coleman Harrison,* for appellees.

OPINION BY KELLER, J., July 14, 1933:

Mrs. Minnie Gibbons sustained a fall shortly after she came out of the ladies retiring room of the defendant's theater, and, together with her husband, brought this action in trespass to recover the damages sustained. The allegations in the plaintiff's statement were that she had tripped and fallen over a torn and wrinkled carpet lying on the floor. The specific averments of negligence relied on were that the carpet was not securely fastened to the floor; that it was allowed to be and remain in a torn condition; that it was allowed to lie loosely on the floor where it readily became wrinkled; that the defendant knew, or should have known, of the said condition by reason of its existence for a long time but took no steps to remedy it; and that the lighting at the place of the accident was so dim as not to afford the plaintiff reasonable opportunity of observing said condition. The proof on the trial did not support these averments. There was no evidence whatever that the place was improperly lighted (see Rutherford v. Academy of Music, 87 Pa. Superior Ct. 355, 357) or that the carpet

or rug was torn. The plaintiff's own testimony was that there was a rug about five feet square, of medium weight, in the lobby at the foot of three steps leading up to the ladies retiring room. The plaintiff crossed this rug to go to the retiring room and after she had been there some minutes she came back and as she was coming down the steps saw what she thought was a shadow in the rug, which turned out to be a wrinkle or crumple in which her foot caught, throwing her. The wrinkle or crumple was not there, she testified, when she went into the retiring room. There was no evidence in the case as to what caused it. The rug was not fastened to the floor, but we know of no rule that requires a rug of that size and description to be fastened to the floor. It was in good condition, had been used there for some time and remained in use until the time of trial. The evidence relied on by the plaintiffs to establish their case was that, after Mrs. Gibbons' fall, the maid in the retiring room sent for the manager of the theater and told him that the plaintiff had fallen on this rug, to which he replied that another party fell on that rug and that he would have to get a heavier rug there. This conversation was denied by both the maid and the manager, but for the purposes of this appeal we shall have to accept it as having occurred. Taking it as true it does not constitute sufficient proof of negligence on the part of the defendant to sustain these verdicts and judgments. If the defendant, after the accident, had substituted a heavier rug for the rug in question, instead of retaining it in use thereafter, it would not have been competent evidence of negligence: Baran v. Reading Iron Co., 202 Pa. 274, 51 Atl. 979. The fact that the manager expressed an intention of making such substitution would not be evidence of negligence any more than the substitution itself. Nor would the fact that one other person, during the length of time that the rug had been in use, had fallen over it constitute evi-

dence of negligence. Under the plaintiff's own testimony, the rug was not a light, flimsy affair. It was not in a torn or curled up condition which might cause a patron of the theater to trip, as in Frater v. Kresge Co., 95 Pa. Superior Ct. 574, 576; nor was there any proof that the floor beneath the rug was slippery or dangerous, as in Dalgleish v. Oppenheim, Collins & Co., 302 Pa. 88, 152 Atl. 759. There was no structural defect in the rug; nor was it inherently dangerous. The evidence adduced by the plaintiff, giving it every favorable intendment, amounted to nothing more than that a rug in good condition over which the plaintiff had walked, five or ten minutes before, and which then had no wrinkle or crumple in it, had, upon her return, a wrinkle or crumple which she saw, but took to be a shadow, and in which her foot caught. Unless we are to hold that the use of a rug of that size, in a theater lobby, which is not securely fastened to the floor, is evidence of negligence,—which we are not prepared to do—the case is barren of any evidence of negligence on the part of the defendant.

The second, fourth and ninth assignments of error are sustained, the judgment in each appeal is reversed and is here entered in favor of the defendant non obstante veredicto.