## Stout et ux. v. Hamilton Court Corporation

*Duane, Morris & Heckscher*, for plaintiffs.
*Sundheim, Folz & Sundheim*, for defendants.

ALESSANDRONI, J., July 6, 1934.—On January 24, 1931, about 6:30 p. m. plaintiff Clara Jane Stout was a guest at a dinner held at the hotel owned and operated by the defendant. She arrived with several friends at the hotel at about 6:30 p. m. and proceeded up the steps and through the revolving door of the entrance to the lobby. The plaintiff was lame. A paralysis of the right leg made it necessary for her to use a cane in the left hand and a crutch in the right hand. The floor of the lobby was made of tile and mosaic. She took 10 or 12 steps across the lobby towards the entrance of a reception room leading to the banquet hall. The door to the reception room was very wide and a rug approximately 5 feet by 9 feet stretched from the doorway into the room itself. When Mrs. Stout reached the doorway of the reception room she stepped forward with her right foot, placing her crutch upon the rug. She slipped and fell, sustaining the injuries of which she complains. The floor of the room was

made of wood, and she stated that it looked like a slippery floor and after she fell noticed "that the rug was pushed aside" of her. She described the rug as a poor quality Oriental rug which was not heavy and which did not have a mat underneath it to prevent it from slipping. She admitted, however, that the rug was in good condition.

Mr. Stout, plaintiff's husband, testified that when he called at the hotel after being informed of the accident he noticed that the rug was very collapsible lengthwise, but that the cross-grain was more rigid; that the rug had a one-eighth inch nap, and the floor on which it rested was of ordinary oak which had been polished, shellacked, and varnished and had a coat of wax substance on it. He testified that the floor was highly polished. Four other guests of the hotel on the occasion in question, who were present when the accident happened, corroborated the plaintiff's story in some particulars regarding the prevailing physical conditions. One witness testified that the room was in the same condition as when she made arrangements for the dinner, approximately 5 days before the accident, and two other witnesses testified that when they went into the room the rug slipped under their feet. One of the witnesses stated that the rug was "soft and slipped very easily on the polished floor". The foregoing review of the testimony completes the evidence upon which the plaintiffs rely to establish the charge of negligence.

The rule is firmly established that it is not negligence for the owner or occupier of a building to maintain highly polished or oiled floors. Evidence of the existence of a polished floor will not furnish the basis for a charge of negligence if a guest or invitee falls and is injured: Diver v. Singer Mfg. Co., 205 Pa. 170; Spickernagle v. Woolworth, 236 Pa. 496; Dimarco v. Cupp Grocery Co., 88 Pa. Superior Ct. 449; McCann v. Gordon, Secretary of Banking, 315 Pa. 367. These cases all hold there is no failure of duty in the maintenance of a highly polished floor itself, without some other specific act of negligence making the owner or occupier of premises liable for an injury to a guest.

Plaintiffs cite numerous cases in support of their contention, none of which, however, is analogous in its facts to the case at bar. In Robb v. Niles-Bement-Pond Co., Inc., 269 Pa. 298, the plaintiff was injured when he slipped in a pool of oil on the premises. In Markman v. Fred P. Bell Stores Co., 285 Pa. 378, and Polenske v. Lit Brothers, 18 Pa. Superior Ct. 474, the plaintiffs were injured because of the presence on the floor of foreign substances of a decidedly slippery nature. In MacDonald et ux. v. F. & W. Grand, Inc., 89 Pa. Superior Ct. 526, plaintiff was injured because the floor in a store had been freshly oiled, and her attention was distracted by the articles of merchandise displayed on both sides of her. In Frater v. Kresge Co., 95 Pa. Superior Ct. 574, the plaintiff fell down a flight of stairs because a mat which was nailed and wired on the edges and located at the head of the stairs had curled up around the edges and created the dangerous condition which caused the plaintiff to trip. The condition there had been reported to the defendant several times. The distinction between these cases and that at bar is obvious and requires no further discussion.

The plaintiffs rely primarily upon the decision of the Supreme Court in Dalgleish v. Oppenheim, Collins & Co., 302 Pa. 88. In that case, however, the physical conditions were entirely different from those now under review. There the plaintiff was injured by falling on a slippery mat under circumstances which clearly raised an inference of negligence. The plaintiff was walking on an aisle which was "sloping and slippery and covered by two rubber mats each about six feet long and two feet wide, laid on the floor loose and end to end, with about six inches of bare floor space between them; that the under side of the mats was smooth and covered, or partly covered, with a slippery substance;

that, as plaintiff stepped from the first mat onto the second, the latter slipped and caused her to fall violently to the floor."

There the aisle in which the accident occurred was sloping and slippery and covered by two small rubber mats, the underside of which was covered with a slippery substance which obviously would cause the mats to slip and an injury to follow. It could not have been anticipated that a foreign slippery substance would be allowed to exist on the underside of a mat on a sloping aisle, and its presence there alone was sufficient to convict the defendant of negligence.

In the case now before us, the conditions prevailing were those that normally prevail and which undoubtedly could have or should have been anticipated. The floor upon which the rug in question was laid was highly polished, as is usual, and there was nothing to prevent this condition from being readily apparent to all guests. We know of no rule of law which requires the owner or occupier of premises to place a mat under a rug the size of the one in question or to fasten or anchor it in any way. The evidence did not disclose any defect in lighting, and the wife plaintiff frankly stated of record that she knew that rugs on polished floors sometimes slipped. As stated in Gibbons et al. v. The Harris Amusement Co., 109 Pa. Superior Ct. 484: "The rug was not fastened to the floor, but we know of no rule that requires a rug of that size and description to be fastened to the floor. It was in good condition, had been used therefor some time and remained in use until the time of trial."

The rug in that case was smaller than that in the case now before us, being about five feet square. The testimony clearly discloses that the rug upon which the wife plaintiff slipped was not torn or worn, and there was nothing in the testimony to indicate that it was of a light or flimsy nature, although it was loosely described by one witness as "soft" and by the wife plaintiff as "not heavy." In the case of Gibbons v. Harris Amusement Co., supra, plaintiff tripped over a loose rug in the lobby of a theater because it had crumpled or wrinkled. It was held there was no evidence of negligence to take the case to the jury.

While we have found no other cases in this jurisdiction bearing on the question now before us, a similar question has recently been decided by the Supreme Court of Massachusetts in Crone v. Jordan Marsh Co., 269 Mass. 289 (1929). The plaintiff went to a store to buy some rugs and slipped on a small rug two feet in width by two and a half feet in length, the rug being laid on a highly polished and slippery floor. It was held that there was no evidence of negligence. An almost identical case arose in Kitchen v. Women's City Club of Boston, 267 Mass. 229 (1929), wherein the plaintiff took a room in the club, the floor being slippery. A rug was spread between the two beds which was described as "a thread and thrum" rug three and a half feet by five feet. The plaintiff was injured as a result of the rug slipping. It was held that no recovery could be had against the defendant. In Chilberg et al. v. Standard Furniture Co., 65 Wash. 414, a woman examining carpets in the defendant's store slipped on one which was spread over a highly polished floor. It was held the defendant was not liable for the injuries.

It is a commonly known fact that rugs will sometimes slip upon a highly polished floor, and one entering a room under such circumstances is held to an accountability for the proper degree of care. There is no rule of law requiring a rug of the size or character of the one in question to be fastened to the floor in any way, and the cases heretofore cited fully establish the rule that the existence of a highly polished floor will not convict a defendant of negligence if a guest falls and is hurt. We therefore are of opinion that the plaintiff has not substantiated her claim of negligence and that the nonsuit was properly

entered. The testimony of the two other witnesses that they also slipped on the rug in question is not sufficient proof of negligence: Gibbons v. Harris Amusement Co., supra.

And now, to wit, July 6, 1934, the motion to remove the nonsuit is overruled.