Marie Nelson, Appellee, v. C. B. Smeltzer et al., Appellants.

No. 43305.

March 17, 1936.

Rehearing Denied July 31, 1936.

John E. Mulroney, for appellants.

Maher & Mullen, for appellee.

Stiger, J.—The appellants and appellee are residents of Fort Dodge, Iowa.

The plaintiff, appellee, age 54, is a nurse and for the past seven years has been county school nurse of Webster county.

On November 2, 1933, she was employed by appellants, C. B. Smeltzer and Jeannie R. Smeltzer to stay overnight with Anna A. Ringland, aged mother of Mrs. Smeltzer, while Mr. and Mrs. Smeltzer were out of town.

Appellee had made arrangements to go to Des Moines with friends early the following morning, and while preparing to leave the house to take the Des Moines trip, slipped on a 6x3 Persian rug, fell, and received serious injuries.

Appellee alleged that she received her injuries in the course of her employment and that the appellants were negligent in applying and maintaining a smooth, slippery, and glossy surface on the floor between the dining room and hallway, and in placing the Persian rug on such surfaced floor, and in failing to equip the rug with any device which would securely affix it to the floor.

The answer of appellants contained a general denial and the defense that appellee assumed all risks incident to her employment.

Appellants moved for a directed verdict at the close of plaintiff's testimony, which motion was overruled. The appellants and appellee then rested. The jury returned a verdict for the appellee.

Appellants' motions in arrest of judgment, for a new trial, and for judgment notwithstanding the verdict, were overruled.

Appellants appeal from the judgment and the ruling of the court.

At the time of the injuries received by appellee, the appellants, Mr. and Mrs. Smeltzer, lived with Mrs. Smeltzer's mother, Anna A. Ringland, in the Ringland home in Fort Dodge. Mrs. Ringland was then 86 years old.

The Ringland home faces north. On the east is a driveway which goes past the east porch which is on the east side of the dining room. A front hall runs north and south and is between the dining room on the east and sitting room on the west.

The floors in this home were of hard wood, waxed and polished and furnished with rugs. In the dining room there was a large Oriental rug 14.6x12.6. The rug in the hall was 8x6 and between the dining room and hall rugs and in the doorway between the dining room and hall there was a small Oriental rug 6x3 with a fuzzy surface on top and ribbing on the bottom.

It was on this rug between the dining room and hall that appellee slipped and fell.

There was no attachment on the rug to hold it in place.

These rugs had been in the same position two or three years prior to November 2, 1933.

The floors were polished four or five times a year with an electric polisher. The maid would polish them once a week with a weighted polisher. After the polishing of the floors was completed, the rugs would be replaced. Floor wax was used in the polishing process.

Appellee was well acquainted with the appellants and the Ringland home. She first came into this home when Mr. Ringland died, which was twelve years prior to the time appellee received her injuries. She was a frequent visitor in the home either as a guest or as an employee during these twelve years.

Appellee testified that on November 2, 1933, she made arrangements with Mr. and Mrs. Smeltzer to stay overnight with Mrs. Ringland while they went out of town; that she was invited for dinner and had dinner with Mrs. Ringland, and spent the evening with her in the library; that she had made arrangements to go by automobile to Des Moines with some people and arose on the morning of November 3d about 5 o'clock; that when she came down stairs she waited in the library until they sounded the horn in the driveway, and then went through the hall and dining room, and over the Persian rug between the dining room

and the hall and told the people in the car that she would be ready in a few minutes; that she then came back through the dining room and into the hall for her purse and gloves which she thought she had left on the hall table; that they were not on the hall table and she looked for them and saw them lying on the dining room table. Appellee then stated: "I then turned back into the hall to turn out the hall lights at the switch on the west wall of the hall, but I did not get there. I fell. It was when I started to go from the dining room to the hall way to snap off the lights that I slipped on this rug which, I think, was approximately 6 ft. x 3 ft., and fell. I had never slipped on a rug in the Smeltzer home before. It was fairly light, but there was just one light on in the hall-way."

■■■ The question to be determined in this case is: Did the placing of the Persian rug on the waxed, polished floor by the appellants without a device to securely affix it to the floor provide a reasonably safe place for appellee to work as a matter of law?

39 C. J. p. 344, section 465. "*General Rule.* A master owes it to his servant to furnish him with a reasonably safe building or other place in which to do his work and is liable for injury occasioned by his negligence in this regard." Manton v. H. L. Stevens & Co., 170 Iowa 495, 153 N. W. 87; Brusseau v. Lower Brick Co., 133 Iowa 245, 110 N. W. 577.

45 C. J. p. 823, section 235. "*General Rule as to Invitees.* While the owner, * * * in charge of property is not an insurer of the safety of an invitee thereon, he owes to an invitee the duty of exercising reasonable or ordinary care for his safety, * * *."

45 C. J. p. 826, section 237. "*Condition of Property.* The owner, * * * of premises owes to invitees thereon the duty of keeping the premises in a reasonably safe and suitable condition, so that those whom he has invited to enter upon or use his property shall not be unnecessarily or unreasonably exposed to danger, * * *. As, however, the owner or occupant is not an insurer of the safety of invitees he is not required, at his peril, to keep the premises absolutely safe, but the measure of his duty in this respect is reasonable or ordinary care, and in determining whether such care has been exercised it is proper to consider the use and purposes for which the property in question is primarily intended." Nelson v. F. W. Woolworth & Co., 211 Iowa 592, 231 N. W. 665.

The owner's duty to an invitee and the employer's duty to his servant is substantially the same.

In the case of Chilberg v. Standard Furniture Co., 63 Wash. 414, 115 P. 837, 838, 34 L. R. A. (N. S.) 1079, 3 N. C. C. A. 145, the plaintiff was visiting defendant's store inspecting carpets. The floor was smooth and hard and the custom was to display the carpets upon this floor. The plaintiff, starting to leave this portion of the building, had gone about ten feet when she slipped on a small piece of carpet on the hardwood floor. The court states: ''It was not required to so exhibit its goods or maintain its store as to warrant the safety of its customers from all injury or risk of danger. When it used such diligence as ordinarily prudent and good business men employed in like situations, it performed its whole duty.

''It was not negligence to display its carpets upon the floor, nor was it negligence to use a hard maple floor for that purpose, or to leave the small carpet upon the floor after it had fulfilled its use in the display. Mrs. Chilberg was accustomed to polished hard wood floors. She had them in her own home and knew rugs and small pieces of carpet upon such floors will sometimes slip when stepped upon. Such fact is within the knowledge of all men who enter the modern home with its rugs and hard wood floors. We cannot say that it was negligence for the appellant to maintain the same floor condition in its store that Mrs. Chilberg maintained in her own home; or that in inviting her to inspect its carpets upon such a floor, it heedlessly and unnecessarily exposed her to an unknown danger. The case does not fall within the principle announced in holding merchants guilty of negligence when maintaining open and unguarded stairways, basement entries, and places of like character.''

Appellee refers especially to the cases of Dalgleish v. Oppenheim, Collins & Co. (1930) 302 Pa. 88, 152 A. 759, 760, and Sears Roebuck & Co. v. Peterson (C. C. A.) 76 F. (2d) 243; Eaton v. Wallace (Mo. Sup. 1926) 287 S. W. 614, 48 A. L. R. 1291.

The Dalgleish case involved the question of the duty of defendant to an invitee. The plaintiff entered defendant's store to buy a pair of shoes, and while walking in the aisle to reach the shoe department, she fell and was seriously injured. The court states: ''We find the floor of the aisle was sloping and

slippery and covered by two rubber mats each about six feet long and two feet wide; * * * that the under side of the mats was smooth and covered, or partly covered, *with a slippery substance.*'' The case does not disclose that the plaintiff had any knowledge of the facts stated in the opinion. The court held the question of ordinary care on the part of defendant should have been submitted to the jury.

In the Sears Roebuck case, supra, there was a structural defect in the property and such defective condition caused the injury complained of. This case is not in point.

In the Eaton case, supra, a servant brought suit against her employer for damages sustained by falling down an unlighted stairway from the first floor to the basement. Demurrer to the petition was sustained by the lower court, but reversed on appeal. In this case the servant did not know of the stairway. It was unlighted and it was impossible to see the stairway without a light. The court held that such a situation presented a constant threat of injury and a dark stairway is not a reasonably safe stairway, or, at least, the question of its reasonable safety is for the jury. The facts in the above cases cited by appellee are readily distinguishable from the facts in this case.

The measure of appellant's duty to appellee was to exercise reasonable or ordinary care for her safety, so that she would not be unreasonably exposed to danger in the Ringland home.

In our opinion, appellants fully met this test.

The extensive use of hardwood, polished, waxed floors, furnished with rugs, in homes is common knowledge.

Common experience teaches that this type of floor and furnishing, in such general use, is not inherently dangerous or a hazard to the safety of an employee or an invitee within the standard of care required.

There is nothing in the record to distinguish the floors and rugs in the Ringland home from the hardwood polished floors and rugs in the average home.

Appellee was not of the impression the floors in the Ringland home were especially dangerous. She stated that she could not recall much about the floors; that she had not been thinking of them.

Such homes cannot be classified as dangerous places to work or stay in.

The appellee, in her 12 years' association with appellants,

had never slipped or fallen in the Ringland home. There is no record of any one having fallen in this home, other than appellee. Mr. Smeltzer testified that the floors were in the same condition on November 3, 1933, as they were during the prior twelve years.

We conclude that, as a matter of law, the appellants were not negligent in placing the Persian rug on the polished waxed floor, nor in failing to fasten said rug to the floor.

■■■ Appellants pleaded assumption by appellee of risks incident to her employment. The appellee did not claim, as a ground of negligence, that appellants failed to warn her of dangers incident to her employment. There is no issue of assumption of risk in this case.

Furthermore, assumption of the risk was not available to defendant as a defense to appellee's charge of negligence. Appellee did not assume the risk of her employer's negligence.

Under the pleadings and issue in this case, we need not discuss the question of assumption of the risk. Code section 1495; Storey, Adm'x, v. J. C. Mardis Co., 186 Iowa 809, 173 N. W. 115.

The motions of appellants for a directed verdict and for judgment notwithstanding the verdict should have been sustained, and verdict rendered for the appellants.

Reversed and remanded for judgment in the lower court in harmony with this opinion.—Reversed and remanded.

DONEGAN, C. J., and ALBERT, HAMILTON, ANDERSON, PARSONS, and KINTZINGER, JJ., concur.

MITCHELL, J., takes no part.