**AMERICAN DISTRICT TELEGRAPH CO.**
**v. KITTLESON et al.**

No. 14007.

United States Court of Appeals
Eighth Circuit.

Feb. 14, 1950.

Rehearing Denied March 7, 1950.

Jno. A. Senneff and Earl Smith, Mason City, Iowa (Robert L. Bliss and C. F. Beck, Mason City, Iowa on the brief), for appellant.

R. F. Clough, George D. Dunn, and Ray E. Clough, Mason City, Iowa, for appellees.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

The appellee Kittleson was employed by the appellee Armour & Company in its packing plant at Mason City, Iowa. In the course of his employment he was severely injured when an employee of the appellant, American District Telegraph Co., fell through a skylight in the roof of the building in which Kittleson was working, landing on Kittleson. At the time of the accident American, under a contract with Armour, was repairing an automatic signal system in operation in the Armour plant, and two of its employees were engaged in this work on the roof of the Armour building.

Under the Iowa Workmen's Compensation Act, §§ 85.1–85.69, I.C.A., Armour became liable to Kittleson in the amount provided by the Act and has discharged that liability. Also under the Iowa Workmen's Compensation Act Kittleson became entitled to sue American to recover damages for his injuries, on the ground that his injuries were caused by the negligence of American's employee; and, in the event of

Kittleson's recovery in the action against American, Armour became entitled to reimbursement out of the sums recovered by Kittleson to the extent of Armour's payments to him under the Iowa Compensation Act.

Kittleson brought this action against American charging negligence of its employee Cunningham, who fell through the skylight, in failing to exercise reasonable care to ascertain whether the skylight would support his weight before attempting to walk across it. The action was filed in an Iowa State court and removed to the Federal court because of diversity of citizenship. The Federal court granted leave to American under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to file a third party complaint against Armour.

In its answer to Kittleson's complaint, American denied the allegations of negligence on the part of its employee Cunningham; and, in its third party complaint, alleged that Kittleson's injuries were caused by the primary negligence of Armour, and asked for judgment over against Armour for the amount of any judgment recovered against it in Kittleson's action. American alleged that the skylight in the roof of the building through which its employee Cunningham fell was constructed of corrugated glass on which Armour had allowed dirt and dust to accumulate, so that the real character of its construction and composition was not different in appearance from that of other parts of the roof, which its employees were required to traverse in the performance of the contract between American and Armour for the repair of the signal system, and that its character as a skylight was not discoverable by the exercise of ordinary care on the part of American's employees. The third party complaint further alleged that Armour had failed in its duty to furnish a safe place for American's employees to work in the performance of the contract for the maintenance of the signal system, and failed to warn the employees of American of the hidden hazard created by the presence of a disguised skylight in the path of their work on the roof of the building.

Both Armour and Kittleson moved to dismiss the third party complaint on the ground that liability of Armour for the injuries to its employee Kittleson in the course of his employment was covered exclusively by the Iowa Workmen's Compensation Act, contending that to permit a judgment in favor of American against Armour would be to add to the liability of Armour for Kittleson's injury, limited by the Iowa Compensation Act, and to destroy Armour's right under the Act to indemnity from American for compensation payments made by Armour to Kittleson.

The District Court sustained the motion to dismiss in advance of the trial on the merits and without taking testimony, but delayed the entry of its order of dismissal until the entry of final judgment disposing of the action of Kittleson against American in order that the order of dismissal might be a final judgment reviewable by this court if Kittleson was successful in his action against American. See Baltimore & O. R. Co. v. United Fuel Gas. Co., 4 Cir., 154 F. 2d 545, 547; Carlisle v. S. C. Loveland Co., 3 Cir., 175 F.2d 418.

While in the opinion of the District Court on the motion to dismiss the third party complaint the right of contribution as between joint tort-feasors under Iowa law is said to be involved and is discussed, it is apparent from the following quotation from the opinion that the third party complaint was dismissed because of the District Court's conclusion that the third party action could not be maintained because of the provisions of the Iowa Compensation law. The court said:

" * * * If the contentions of the Telegraph Company were to be sustained, it would eliminate the right of indemnification or subrogation given Armour & Company under the Act.

"To imply an agreement on the part of Armour & Company to pay the American District Telegraph Company the amount of the plaintiff's recovery against the Telegraph Company would be in effect to write

an exception into Section 85.3 [1] of the Iowa Compensation Act which states that the employer 'shall be relieved of other liability * * * for such personal injury.' To imply an agreement on the part of Armour & Company to pay the American District Telegraph Company the amount of the plaintiff's recovery against the Telegraph Company would also in effect strike out and cancel that portion of Section 85.-22 [2] of the Act providing for subrogation or indemnification of an employer where a third party wrongdoer is legally liable in damages to the injured employee."

The third party complaint having been dismissed, the action of Kittleson against American proceeded to trial, terminating in a jury verdict in favor of Kittleson on which judgment was entered on the 14th day of February, 1949. On the same day the court entered its order dismissing the third party complaint. The motion of American for a new trial, assigning error in the dismissal of its third party complaint and in the charge of the court to the jury in the trial of the action of Kittleson against American, was denied, and within due time American filed its notice of appeal to this court, the peculiar phrasing of which presents at the threshold of this case the question of jurisdiction of the appeal from the order dismissing the third party complaint.

The notice of appeal is addressed to Ray Kittleson, and to Ray F. Clough, Ray E. Clough, and George D. Dunn, his attorneys, and is as follows: "You, and each of you, are hereby notified that the American District Telegraph Co., the defendant named in the above and foregoing cause of action, does hereby appeal to the Circuit Court of Appeals for the Eighth Circuit from the final judgment entered in the above entitled cause on the 14th day of February, A. D. 1949, and from the order and judgment entered in said cause on the 28th day of March, A. D. 1949, denying and overruling the motion of the defendant for a new trial." [3]

The contention of Armour that the notice of appeal was addressed only to the judgment in the action of Kittleson against American, and that therefore the order of the court dismissing the third party complaint is not before this court for review, was presented for the first time at the argument on the submission of this appeal. The point is not mentioned in the joint brief filed on behalf of Kittleson and Armour. On the contrary, the counsel who represented Armour in the trial court appear here on the brief representing Armour as appellee. The major portion of the brief is devoted to argument sustaining the order dismissing the third party complaint. In the statement of points filed by the appellant American in the District Court in connection with the preparation of the record on this appeal, error is assigned in the order dismissing the third party complaint,

1. Sec. 85.3 *"Acceptance presumed.* Except as provided by this chapter, it shall be conclusively presumed that every employer has elected to provide, secure, and pay compensation according to the provisions of this chapter for any and all personal injuries sustained by an employee arising out of and in the course of the employment, and in such cases, the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury."

2. Sec. 85.22 *"Liability of others—subrogation.* When an employee receives an injury for which compensation is payable under this chapter, and which injury is caused under circumstances creating a legal liability against some person other than the employer to pay damages, the employee, or his dependent, or the trustee of such dependent, may take proceedings against his employer for compensation, and the employee or, in case of death, his legal representative may also maintain an action against such third party for damages. * * *

"1. If compensation is paid the employee or dependent or the trustee of such dependent under this chapter, the employer by whom the same was paid, or his insurer which paid it, shall be indemnified out of the recovery of damages to the extent of the payment so made, with legal interest * * *."

3. Since the denial of appellant's motion for a new trial was within the discretion of the trial court, notice of appeal from that order presents nothing to this court for review.

and the error in that respect was set out at length in appellant's motion for a new trial in the District Court, where on the hearing on the motion for a new trial the question was argued orally and upon written briefs for the respective parties. It seems apparent that all parties accepted the notice of appeal as sufficient to bring up for review the court's order dismissing the third party complaint, as well as the judgment in favor of Kittleson against American.. We think the interpretation placed upon the notice of appeal by the parties in interest should be adopted by this court. There was in fact but one proceeding below, which indeed is the purpose sought to be accomplished by third party practice. The expressed intention of the trial court in reserving entry of the order on the motion to dismiss the third party complaint until final determination of the action of Kittleson against American was to preserve the right of appeal. The notice of appeal was addressed to counsel representing Armour as well as to counsel representing Kittleson. We hold that the whole case is before us for review, and proceed to a consideration of the questions raised on the record.

■ For reversal of the judgment in the action of Kittleson against American the sole error assigned concerns the court's charge to the jury. In Instruction No. 6 the court charged with reference to the duty of Armour to furnish a safe place for the employees of American to work, as follows: "You are instructed that if you find that the condition of the skylight in question did present a hidden defect, danger, or pitfall to persons using the roof, and Armour & Company knew or in the exercise of reasonable care should have known of such condition and should have reasonably expected that the defendant's employees would use said roof in the performance of their duties, then the failure to warn the defendant or its employees of such hidden defect, danger, or pitfall constituted negligence. If, however, you find that the condition of said skylight did not present a hidden defect, danger, or pitfall, or that Armour & Company did not know or in the exercise of reasonable care should not have known of such condition, or should not

have reasonably expected that defendant's employees would use said roof in the performance of their duties, then the failure to warn the defendant or its employees did not constitute negligence."

American objected to this part of the court's charge, on the ground that Armour, being the owner of the building in the roof of which the skylight was constructed, was conclusively presumed to know the condition of the skylight at the time of the accident, and was therefore bound to warn the employees of American of the danger to them caused by the presence of the concealed skylight. Prompted by this objection the trial court gave to the jury Instruction No. 6A: "You are instructed that Armour and Company was charged with knowledge as to the manner and form in which the skylight was constructed."

Appellant has not called our attention to any authority in support of its claim of error in the court's Instruction No. 6. The Iowa cases support the charge. In Gowing v. Henry Field Co., 225 Iowa 729, 281 N.W. 281, plaintiff, who was employed as an independent contractor to make repairs on the roof of defendant's building, slipped and fell from an iron fire escape which he used as a means of going from the roof of the building to the ground. In his action for damages plaintiff charged the defendant with negligence in maintaining the fire escape in a defective condition, and in failing to warn the plaintiff of its defective condition. The Iowa court held 281 N.W. at page 284 that: "The only duty owing by the defendant to the plaintiff as an independent contractor was that of exercising reasonable care to promote his safety. Plaintiff was an invitee and it was defendant's duty to warn him of any danger in and about the premises which he knew of or in the exercise of ordinary care ought to have known of and of which plaintiff was not aware or which in the exercise of ordinary care on his part would not have been discovered." Nelson v. Smeltzer, 221 Iowa 972, 265 N.W. 924, 926, is to the same effect.

■ Appellant's contention that there is such a conflict between the court's charges as given in Instruction No. 6 and Instruc-

tion No. 6A that it is impossible to say which of the charges the jury followed is also without merit. In this part of the charge the court was dealing with the question of the negligence of Cunningham in walking on the skylight. The jury had been instructed that Cunningham had the right to assume that Armour would warn him of any hidden danger or pitfall on the roof of the building, and that Cunningham was not guilty of negligence if the jury found from the evidence that a person in the exercise of ordinary care would have walked upon the skylight in the circumstances shown by the evidence. In attempting to absolve Cunningham from the charge of negligence, American had relied upon evidence tending to show that the presence of the skylight in the roof was not discoverable in the exercise of ordinary care because its real character was concealed by dirt and dust which had accumulated upon the corrugated glass of which it was constructed. There was no attempt upon the part of American to prove that the manner and form in which the skylight was originally constructed presented a hidden pitfall or defect which relieved Cunningham from the charge of negligence.

The difficult question in this case arises on the trial court's action in dismissing the third party complaint. It is important to note that the third party complaint did not state an action for contribution, but an action for indemnity, for judgment over against Armour in favor of American for the amount of any recovery of Kittleson against American, on the allegation that Armour was guilty of primary negligence resulting in the injury of Kittleson and that American's negligence contributing to the injury of Kittleson was secondary.

 There is a distinction between actions for contribution and actions for indemnity. " * * * the latter implies a primary or basic liability in one person though a second is also liable with the first to a third. In such a case the discharge of the obligation by the second person leaves him with a right to secure compensation from the one who, as between themselves, is primarily liable. * * * The difference between indemnity and contri-

bution—in cases between persons liable for a wrong—is that in the former the law implies an agreement or obligation and enforces a duty on the primary or principal wrongdoer to respond for all the damages, whereas in the latter, there is no agreement, express or implied, but a common burden in which the parties stand in equali juri and which in equity and good conscience should be equally borne." George's Radio, Inc., v. Capital Transit Co., 75 U.S. App.D.C. 187, 126 F.2d 219, 222.

 The common law rule against contribution between joint tort-feasors still prevails in Iowa. But, as between Armour and American, the question of contribution between joint tort-feasors is not presented in the present case for the reasons stated above, as well as because Armour and American were not joint tort-feasors as against Kittleson. "For a right of contribution to accrue between tort-feasors, they must be joint wrongdoers in the sense that their tort or torts have imposed a common liability upon them to the party injured." Porello v. United States, 2 Cir., 153 F.2d 605, 607. Under the Iowa Compensation Act the relative rights and liabilities as between Armour, an employer, and Kittleson, its employee, for Kittleson's injuries are contractual. Because of the Act Kittleson has no common law action in tort against Armour as a result of his injuries in the course of his employment. Pierce v. Bekins Van & Storage Co., 185 Iowa 1346, 172 N.W. 191, 194; Towers v. Watson Bros. Transp. Co., 229 Iowa 387, 294 N.W. 594, 595. Kittleson's right to recover against American is not based upon contract nor upon the Iowa Compensation Act, but is a common law action in tort. As regards Kittleson, there is no common source of liability of Armour and American.

The distinction between actions for indemnity and contribution is recognized by the Iowa Supreme Court. In Horrabin v. City of Des Moines, 198 Iowa 549, 199 N.W. 988, 38 A.L.R. 554, it held that the common law rule that there can be no indemnity between joint tort-feasors prevails in Iowa, but that the rule is subject to the exception that the relative guilt of

two parties, both liable to a third person, may be determined for the purpose of administering justice between them, and that the law implies a promise of indemnity from one primarily liable to another secondarily liable for an injury to a third person. In Pfarr v. Standard Oil Co., 165 Iowa 657, 146 N.W. 851, L.R.A.1915C, 336, the facts were that Standard sold a drum of illuminating oil to a retail merchant. The merchant sold oil from the drum to one of its customers. The oil had not been inspected by Standard as required by Iowa law, and did not meet the required standards for illuminating oil. The customer of the retail merchant was injured when the oil exploded, and recovered judgment against the merchant, who, relying upon the duty of Standard to supply oil of legal quality, had not had the oil inspected before selling it at retail. The retail merchant sued Standard to recover the amount of the judgment in favor of his customer. The defense was that the merchant and Standard were joint tort-feasors, and that the merchant could not maintain the action against Standard under Iowa law. It was held that the merchant might recover, since Standard was primarily liable and the merchant secondarily liable. The court said 146 N.W. at page 853: "We are brought, at the outset of the case, to this fundamental proposition: May one wrongdoer recover indemnity from another, or may he enforce contributions from him? The general rule of course is that he may not. But an examination of the cases discloses the fact that there are many exceptions to this rule. * * *"

The court stated the applicable Iowa law as follows 146 N.W. at page 854, quoting from Massachusetts cases: "When two parties, acting together, commit an illegal or wrongful act, the party who is held responsible in damages for the act cannot have indemnity or contribution from the other, because both are equally culpable, or particeps criminis, and the damage results from their joint offense. This rule does not apply when one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability and suffers damage. He may re-cover from the party whose wrongful act has thus exposed him. In such cases the parties are not in pari delicto as to each other, though as to third persons either may be held liable."

In its opinion the court also relied upon Union Stockyards Co. of Omaha v. Chicago, B., & Q. R. Co., 196 U.S. 217, 222, 25 S.Ct. 226, 49 L.Ed. 453, 2 Ann.Cas. 525, where it is said that indemnity is given to those whose only negligence is failure to discover a dangerous condition created by the negligence of another, where both are liable to a third party.

"The law is well settled that where one who is secondarily liable is compelled to respond in damages to the injured party, he may recover the amount paid from the person primarily liable. * * *

"This rule, however, rests entirely upon the proposition that as between two persons, both of whom are liable to the injured party for damages, there is a primary and a secondary liability, they not being joint tort-feasors and in pari delicto as to the wrong causing the injury. It is also well settled that where an action for damages is brought against a party secondarily liable and he gives notice of the pendency thereof to the person primarily liable for the damages claimed informing him that he will look to him for contribution or reimbursement, and requesting that he make defense, a judgment rendered against the defendant is conclusive upon the party having the primary liability." Sweet v. Atkinson, 191 Iowa 645, 182 N.W. 793, 794.

For accord in other States see Wheeler v. Glaser, 137 Tex. 341, 153 S.W.2d 449, 451, 140 A.L.R. 1301; Graham v. Miller, 182 Tenn. 434, 187 S.W.2d 622, 624, 625, 162 A.L.R. 571.

The Iowa decisions show quite clearly that American's third party complaint stated a common law action for indemnity against Armour. We reach the question whether this action has been abolished by the Iowa Workmen's Compensation Act.

"* * * a statute will not be construed as taking away a common-law

right existing at the date of its enactment, unless that result is imperatively required; that is to say, unless it be found that the pre-existing right is so repugnant to the statute that the survival of such right would in effect deprive the subsequent statute of its efficacy; in other words, render its provisions nugatory." Texas & Pacific Ry. Co. v. Abilene Cotton Oil Co., 204 U.S. 426, 437, 27 S.Ct. 350, 354, 51 L.Ed. 553, 9 Ann.Cas. 1075.

"No statute is to be construed as altering the common law, farther than its words import." Barber Asphalt Paving Co. v. Austin, 8 Cir., 186 F. 443, 446, quoting Shaw v. Railroad Co., 101 U.S. 557, 25 L. Ed. 892. And see Lincoln Nat. Life Ins. Co. v. Hammer, 8 Cir., 41 F.2d 12, 18; Badger Dome Oil Co. v. Hallam, 8 Cir., 99 F.2d 293, 298; Scharfeld v. Richardson, 76 U.S.App.D.C. 378, 133 F.2d 340, 341, 342, 145 A.L.R. 980; Kinyon v. Chicago & N. W. R. Co., 118 Iowa 349, 92 N.W. 40, 43, 96 Am.St.Rep. 382.

We are unable to agree that the right to indemnity asserted in the third party complaint is so repugnant to the Iowa Workmen's Compensation Act that the survival of the right would prevent the realization of the purpose of the Compensation Act. That purpose is "to impose upon industrial enterprises the burden and cost of their hazards, and to make such cost a part of the 'overhead' of the trade or enterprise." Pfister v. Doon Electric Co., 199 Iowa 548, 202 N.W. 371, 373. "The Workmen's Compensation Act, within the scope of its operation, is exclusive. No rights are conferred and no benefits are derived therefrom, except as therein provided." Double v. Iowa-Nebraska Coal Co., 198 Iowa 1351, 201 N.W. 97, 98. "The authorities agree that such acts are in derogation of the common law. Under their provisions, the employer on the one hand relinquishes certain defenses available to him at common law and the employee on the other hand relinquishes all right of action based upon the principles of common law. * * * Under the Iowa Act, there is created a system for arriving at a just settlement for injuries sustained by an employee." Secrest v. Galloway Co., Iowa,

239 Iowa 168, 30 N.W.2d 793, 795. It has been said that workmen's compensation legislation is designed to protect the employer against the hazards and expense of litigation, the employee against the operation of the harsh rules of law which restrict his right to recover for injuries arising in the course of his employment, and the State from the burden of supporting the human wreckage of modern industry. Liggett & Myers Tobacco Co. v. Goslin, 163 Md. 74, 160 A. 804, 805; Mulhall v. Nashua Mfg. Co., 80 N.H. 194, 115 A. 449.

We can discover nothing in the language of the Iowa Compensation Act indicating a purpose to abolish common law actions in tort except as between employer and employee. On the contrary, the language of the Act relied on by appellees points the other way. By section 85.3 every employer subject to the Act is required to "pay compensation * * * for any and all personal injuries sustained by an employee arising out of and in the course of the employment, and *in such cases,* the employer shall be relieved from other liability for recovery of damages or other compensation *for such personal injury."* The language quoted imposes upon the employer liability to the extent provided by the Act to an employee injured in the course of his employment, and relieves the employer from further liability to his employee. To say that this language relieves an employer from liability to a third party, to one not in his employ, for the employer's act of negligence damaging such third party is to read into the Act something that plainly is not there. Moreover, section 85.22 expressly shows that the common law actions in tort abolished by the Act were exclusively those between employer and employee by the provision that when an employee's injury is caused under circumstances creating a legal liability against some person other than the employer, the employee may maintain an action against such third party for damages. This section of the Act preserves to the employee the common law actions in tort not arising out of his relation with his employer and is an express recognition by

the legislature that the Act does not operate beyond that field.

While, as Armour argues and as the Iowa court has said, the construction placed upon workmen's compensation acts by other States is of doubtful value in the interpretation of the Iowa Act, nevertheless cases from other jurisdictions construing similar acts are not without significance. The New York Court of Appeals in Westchester Lighting Co. v. Westchester County Small Estates, 278 N.Y. 175, 15 N.E.2d 567, the California Supreme Court in Baugh v. Rogers, 24 Cal.2d 200, 148 P.2d 633, 641-642, 152 A.L.R. 1043, and the Pennsylvania Supreme Court in Maio v. Fahs, 339 Pa. 180, 14 A.2d 105, 110-111, have held that the respective compensation acts of those States do not bar actions for recovery over of the character presented in the third party complaint.

The New York Workmen's Compensation Act before the court in the Westchester case, supra, does not differ in any material respect from the Iowa Act. By the New York Compensation Act the prescribed liability of an employer for an injury sustained by an employee in the course of his employment is exclusive and in place of any other liability whatsoever to such employee, or to any one otherwise entitled to recover damages, at common law or otherwise on account of such injury, 15 N.E.2d 568. The employee's right of action against a third party liable for his injury is preserved, and, if the recovery against the third party is greater than the compensation allowed to the employee under the Act, the employer is relieved of liability for compensation, 15 N.E.2d 571. The question before the court was whether the third party action for indemnity against the employer was barred by these provisions of the New York Compensation Act. In holding the action not barred the court pointed out that the third party did not sue the employer on account of the employee's injury in the course of his employment, but asserted "its own right of recovery for breach of an alleged independent duty or obligation owed to it by the defendant." [15 N.E.2d 568] The court held that this independent duty or obligation was a suf-

ficient basis for the action, and that recovery over against the employer need not be rested on any theory of subrogation. The same result was reached by the Court of Appeals for the Second Circuit in Rich v. United States, 177 F.2d 688, an admiralty case arising under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, as amended, 33 U.S.C.A. § 901 et seq. The purpose of the Federal act is to provide compensation for injuries to certain employees engaged in maritime employment, where recovery through workmen's compensation proceedings might not be validly provided by State law. South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732. The Act provides that the prescribed liability of an employer shall be exclusive and in place of all other liability of such employer to the employee and to any one otherwise entitled to recover damages from his employer in law or in admiralty on account of such injury, 33 U.S.C.A. § 905; preserves the right of the employee to maintain an action for damages against a third party liable for his injury; and provides that the payment of compensation under the Act shall operate as an assignment to the employer of all rights of the employee to recover damages against a third person, 33 U.S.C.A. § 933.

To permit the prosecution of the third party complaint to a judgment against Armour does not destroy Armour's right of subrogation to Kittleson's action against American to the extent of Armour's liability under the Iowa Workmen's Compensation Act. Kittleson has recovered a judgment against American, which that company must pay before it is entitled to indemnity from Armour. Kittleson must repay Armour from his recovery from American all that Armour has been compelled to pay Kittleson under the Iowa Workmen's Compensation Act. Armour's right of subrogation is fully protected. The fact that Armour may be later held liable to American upon an independent cause of action for violation of a duty owed American by Armour does not destroy Armour's right to reimbursement from Kittleson. To hold that Armour would lose any right

granted it under the Iowa Compensation Act in the event that it is eventually held liable to American is, in effect, to say that the purpose of the Iowa Compensation Act was to relieve Armour from all liability whatsoever for its negligent injuring of a third party, simply because the same act of negligence on the part of Armour made it liable under the Compensation Act to one of its employees. The effect of the subrogation provision of the Iowa Compensation Act is to relieve an employer in cases where the injured employee recovers a judgment against a third party from all liability whatsoever under the Compensation Act. To say that the purpose of the Compensation Act was also to relieve Armour from all liability to third persons for an injury done them is to extend the Compensation Act into a field in which nothing in the language of the Act or in its evident purpose indicates the Act was intended to operate. With all deference due the opinion of the trial judge on this question of Iowa law, Russell v. Turner, 8 Cir., 148 F.2d 562, we are unable to agree with it.

In reaching the conclusion stated above, we have not overlooked the decision of this court in Otis Elevator Co. v. Miller and Paine, 8 Cir., 240 F. 376, and the Iowa case of Fidelity and Casualty Co. v. Cedar Valley Electric Co., 187 Iowa 1014, 174 N. W. 709, following it. All that these cases hold is that the right of an employee, entitled to compensation from his employer under the Compensation Act, to sue a third party also liable for his injury is expressly granted by the Compensation Act without regard to the negligence of the employer, and that right of the employee against a third party in an action for negligence is distinct and separate from his right to compensation under the Act.

Since Kittleson's right of action against American is entirely independent of the right of action of American against Armour, as well as because the cause of action asserted against Armour in the third party complaint may not be sustained by the evidence when that case is tried, the judgment in favor of Kittleson against American is affirmed. The order dismissing the third party complaint is reversed, and that action is remanded to the District Court for further proceedings in accordance with this opinion.